### THE NEWTON COTTON MILLS v. SPRINGS.

1. Pleadings—Complaint—Corporation—Stockholder.—In a suit against a stockholder of a corporation for his statutory liability by a creditor of the corporation, the complaint must allege all the conditions upon which a creditor may pursue a stockholder, and all the facts necessary to create his statutory liability.

2. Corporation—Notes and Bills—Stockholder—Debtor and Creditor.—In such a suit where the note is drawn payable in two years, interest payable semi-annually, the date of the maturity of the note is not altered by a provision that the whole debt becomes due on default in payment of interest.

3. Pleadings—Consideration—Corporation—Stockholder.—In such a suit it is not necessary to allege a consideration for the corporate debt.

4. Ibid.—Demand—Corporation—Stockholder.—In such a suit it is not necessary to allege demand upon stockholder before suit.

Before Gary, J., Lancaster, May, 1899. Affirmed.

Suit by The Newton Cotton Mills against Leroy Springs for statutory liability as stockholder. From order sustaining demurrer to complaint, plaintiff appeals.

*Mr. Thos. F. McDow,* for appellant, cites: *Pleadings should be liberally construed:* 22 S. C., 558. *Stockholder's liability for the five per cent. is same as for stock subscribed:* 22 S. C., 292.

*Mr. Ernest Moore,* contra, cites: *Liability of stockholder beyond subscription is statutory:* 101 U. S., 216; 43 Am. Dec., 685; 71 Am. Dec., 559. *Such statute must be strictly construed:* 77 N. Y., 1; 46 N. Y., 119; 85 Pa. St., 78; 105 Id., 509; 115 Mass., 380; 40 N. J. L., 52; 47 Vt., 313. *Liability limited to debts payable within one year:* Gen. Stat., 1500; 17 S. C., 363. *Consideration must be alleged:* 62 Am. Dec., 487; 5 S. C., 156. *Seal of an agent of a corporation only creates a simple contract:* 19 John., 60; 7 Crouch, 304; 14 Pet., 19; 8 Wheat., 357.

March 8, 1900. The opinion of the Court was delivered by ·

MR. JUSTICE POPE.  This appeal involves the sufficiency in law of the complaint—the defendant having interposed an oral demurrer that the complaint failed to state facts sufficient to constitute a valid cause of action.  Judge Ernest Gary, on Circuit, sustained the demurrer without specifying in his order the ground thereof, but allowed the plaintiff to amend.  From this order the plaintiff has appealed, but not from the privilege of amending the complaint, and the defendant has served additional grounds for sustaining the demurrer, but does not object to amendment of complaint. The complaint is as follows:

I. That plaintiff is a corporation organized and created under the laws of the State of North Carolina, duly authorized as such, amongst other things, to make the contract hereinafter stated.

II. That the Standard Cotton Mills, of Rock Hill, S. C., is a corporation created by and under the laws of the State of South Carolina, organized pursuant to an act of the legislature, entitled "An act to provide for the formation of certain corporations under general laws," approved December 23, 1886, and the acts amending the same, and was such corporation at all times herein stated, its principal place of business being at Rock Hill, in the county of York and State of South Carolina.

III. That the said Standard Cotton Mills, of Rock Hill, S. C., on the —— day of July, 1897, made and delivered to the plaintiff its note, or obligation, of which the following is a copy: "$1,715.66.  Two years after date, with interest from date, at the rate of seven per cent. per annum, payable semi-annually until payment in full, the Standard Cotton Mills, of Rock Hill, South Carolina, promises to pay the Newton Cotton Mills the sum of $1,715.66-100, provided that the entire debt shall become due forthwith, if the interest shall not be paid as the same accrues.  In order to secure the payment of the said claim, and also another claim of

$339.89-100, due to the Monroe Cotton Mills, evidenced by a note of like tenor, and the said Standard Cotton Mills hereby pledges and delivers to the said The Newton Cotton Mills four bonds of said Standard Cotton Mills of the denomination of $500 each, and numbered respectively 170, 171, 172 and 173, being part of an issue of $90,000 of bonds secured by a mortgage of the plant of said Standard Cotton Mills, of record in book PP, page 600, of the R. M. C. office of York County, South Carolina, all agreeably to the terms of the resolution of the directors this day adopted; and also to the terms of the receipt for said collaterals, of even date herewith, acknowledging the right of the Standard Cotton Mills to redeem a bond from this pledge, at any time, upon reducing the principal indebtedness by the sum of $500. Witness the hand of said Standard Cotton Mills, by its president and secretary, at Rock Hill, S. C., this July 8, 1897. In the presence of J. H. Miller. By John R. London, president, and P. C. Poag, secretary. (Seal.)"

IV. That no part of the principal or interst of the said note or obligation has been paid, nothwithstanding the same has long been due and owing to plaintiff.

V. That the defendant, LeRoy Springs, was at the time hereinbefore stated, and still is, a stockholder of the Standard Cotton Mills, of Rock Hill, S. C., to the amount of $7,000, and by the terms of his said holdings, he became jointly and severally liable with the Standard Cotton Mills, of Rock Hill, S. C., to the limits of five per cent. of his said shareholding.

VI. That the defendant is a resident of Lancaster County, South Carolina. Whereupon prays judgment for $350, and costs.

The defendant then demurred to the complaint on the following grounds of demurrer: 1st. That as the complaint alleges the incorporation of the Standard Cotton Mills, of Rock Hill, S. C., subsequently to the adoption of the Constitution of 1895, the defendant is not liable upon the alleged

demand set up in the complaint, as said Constitution pro-
vides that "stockholders shall be liable to the creditors only
to the extent of the amount remaining due to the corpora-
tion upon the stock owned by them." 2d. That even if the
complaint should be considered as alleging the corporation
of the Standard Cotton Mills, of Rock Hill, S. C., prior to
the Constitution of 1895, the demand of the plaintiff is not
such a demand as the statute provides shall be necessary to
create the stockholder's individual liability, such demand
not being payable within one year, as provided by the stat-
ute. 3d. That even if the complaint is not insufficient upon
the two grounds already stated, still it does not state facts
sufficient to constitute a cause of action, in this: that no
consideration is alleged in the complaint for the alleged con-
tract made by the Standard Cotton Mills, of Rock Hill, S.
C., with the plaintiff, and the defendant cannot be held liable
upon a contract not based upon consideration, and which, so
far as the allegations of the complaint show, is a mere *nudum
pactum.* 4th. That even if the complaint is not sufficient
upon the three grounds already stated, still it does not state
facts sufficient to constitute a cause of action, in this: that
the same contains no allegation of election by the plaintiff,
upon the happening of the contingency alleged in the com-
plaint, to treat the whole amount as due upon the contract
alleged in the complaint, and no allegation of notice of such
election to the said Standard Cotton Mills, of Rock Hill, S.
C., or demand for payment made upon the said Standard
Cotton Mills. 5th. That, even if the complaint is not in-
sufficient upon the four grounds already stated, still it does
not state facts sufficient to constitute a cause of action, in
this: That it contains no allegation of any demand made
upon the said defendant for the payment of his alleged lia-
bility, set out in the complaint herein. Upon the above
grounds, the defendant submits that the said complaint does
not state facts sufficient to constitute a cause of action, and
that said complaint should, therefore, be dismissed.

In passing upon these grounds of demurrer, we do not

deem it necessary to reproduce the exact language of the exceptions on the one hand and the assertion by respondent of his grounds of sustaining the demurrer. It is evident that each side to the controversy bases his contention upon the grounds of demurrer as we have reproduced them. We agree with the appellant that there is nothing upon the face of the complaint by which it is made to appear that the cotton mills at Rock Hill, S. C., was organized under the provisions of the Constitution of the year 1895, or that it was organized after the year 1895. Of couse, it will be perceived that the defendant hopes to be benefited by sec. 18, of art. IX., of the Constitution of 1895. This Court has so recently pointed out the difference between the law existing prior to the year 1895 and that since that year, touching the liability of stockholders of debts of all corporations except banks, in the case of *Laura Glenn Mills* v. *Ruff*, 52 S. C., 448, that we hardly deem it necessary to go into this subject again at such an early date as this. Let this ground of the demurrer be overruled.

We think there is merit in the second ground of the demurrer, and no doubt this is what the Circuit Judge referred to. Unquestionably, under the statute of 1886 (sec. 19, vol. 540, Stat. at Large), and the amendments thereto, there is a right of action given to creditors of a corporation against its stockholders. This right did not exist at the common law. It is purely a creature of the statute. A creditor of the corporation, to possess the right of action against a stockholder, must pursue the remedies and fulfill the conditions set out in the statute. These conditions upon which such a creditor may pursue such a stockholder must be set out in the complaint. This whole subject is very instructively pursued in the case of *Union Bank* v. *Wando Mining and Manufacturing Co.*, 17 S. C., 340. There exists a striking analogy between the rights of creditors of private corporations to sue stockholders and those of persons holding claims against public corporations. You cannot sue a State or a county at the common law. Some-

times right is given to do so by statute. Whenever one seeks to avail himself of his statutory right to sue a county, his complaint must show by its allegations how he gets this right. The case of *Walker* v. *Chester County,* 40 S. C., 343, is an apt illustration of this principle of the law. In the case last cited the facts were these: The legislature had given persons injured through a defect in the repairs of roads, highways, bridges, &c., a right of action against the county therefor (section 1087 of General Statutes), but in the year 1892 the legislature amended the law so as to require that such person should not have in any way brought about such injury, or if his load exceeded the ordinary weight, or that the defect was occasioned by the neglect of the county. These restrictions were embodied in certain provisos to the previous act on this subject. So when Walker, as plaintiff, sought to recover from Chester County damages he alleged he had suffered from a defect in a highway, he neglected to state the requirements in the law as amended in the year 1892. His complaint was demurred to on this ground, viz: that the right of action being statutory, the conditions prerequisite to such action must be averred in the complaint. This Court sustained the judgment of the Circuit Court, which sustained the demurrer—Chief Justice McIver remarked, in a concurrent opinion: "The right of action being based entirely upon a special statute, it seems to me that the conditions upon which such right is conferred must appear in the complaint, for otherwise no right of action is stated." In the case at bar, the statute requires that the debt shall be payable within one year from its creation and that proceedings to hold such stockholder liable therefor shall be commenced within two years after the debt becomes due and while he remains a stockholder therein. See sec. 22 of act 1886, 19 Stat., 540. By the language of the instruments evidencing the indebtedness, it is made payable in two years. We do not think the result is altered by the provision in the instrument, that in default of payment of interest, the whole debt is

thereupon to mature. The creditor was bound to contract with reference to the charter of the corporation. There is a distinction existing between the rights of creditors of a corporation as against such corporation, and such rights as against the stockholders. All this is well told in the case previously cited—Union Bank *v.* Wando &c. Company, *supra.* So we think this ground of demurrer is well taken.

The third ground of demurrer is not well taken. This liability of a stockholder is statutory. He knows the law when he takes stock in the corporation.

Nor do we regard the fourth ground of demurrer as sound. The statutes in question require no election to be made by a creditor.

So, also, the fifth ground of demurrer is without merit. The statute in question requires no demand upon stockholder before suit against such stockholder.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the action ordered remanded to the Circuit Court.