McFAIL v. BARNWELL COUNTY.

NEGLIGENCE—COUNTIES—HIGHWAYS—BRIDGES—DAMAGES.—In an action against a county under Rev. Stat., 1169, for damages resulting from defective bridge, the plaintiff cannot recover, if the injury was in any way brought about by his negligence, or if he negligently contributed thereto.

Before BENET, J., Bamberg, April term, 1899.    Reversed.

Action by William L. McFail against Barnwell County. The following is so much of the charge of the Circuit Judge as refers to the questions here made:

"The action is brought under a statute which I read to you in the opening of the case, and shall read again. Section 1169 of the Revised Statutes says: * * * The terms of that statute place upon a plaintiff bringing an action under it the burden of proving, first—as in this case, proving by the pre-

ponderance of the evidence, first—that there was injury to the person, that is to say, that he sustained bodily injury, if he alleges it in this case. Also, if he alleges injury to property, he must prove, second, that there was a defect in the bridge, or a want of repair in the bridge, rendering it unsafe. Third, he must prove to your satisfection by the greater weight of the testimony that the defect or want of repair was due to the negligence of the county. By that is meant the negligence of the officials charged with the keeping up of the bridge, because their negligence is the negligence of the county. The statute speaks of negligence or mismanagement; he must, therefore, show that the defect was due to the negligence or mismanagement of the county; must show that he did not in any way bring about the injury complained of, either by his own act or by his contributory negligence. The Act also requires him to show that the load he was carrying in the vehicle did not exceed the ordinary load. It is admitted in this case that question should not arise; it is admitted that in a buggy carrying one or two men the question of weight need not arise. And sixth, as he claims damages, he must satisfy the jury, by actual proof, of the amount of damages, because he is seeking for actual damages, he must, therefore, prove them; give you such facts as will enable you to know how much he has been damaged. He asks $2,200— $2,000 for bodily injuries, and $200 injury to property. You are to say how much he has proved, either or both.

The basis of this action is negligence on the part of the county; so it is well for the jury to know what is meant by negligence. There is nothing mysterious about negligence; it simply means want of due care under the circumstances. When a county charged with a duty performs that duty with proper care and attention, it has done all the law requires; if he fails, if he does not give that care and attention which common sense and reason would dictate and causes us to expect of him, then he is guilty of negligence, and if, because of that negligence, some person is injured and suffers damages, then the county is liable in damages for the amount

proved. That negligence may be shown by evidence as to what was done by such an officer, or it may be shown by evidence of what was left undone; because, when a man does not do that which a prudent and careful person should or would have done under the circumstances, he is guilty of negligence, just as much as if he does that which a prudent and careful person would not have done under the circumstances. That care and diligence which the law requires, the absence of which is negligence, does not mean absolute, unceasing carefulness or sleepless watching; but, as I said before, as common sense would lead us to expect should or would be exercised under the circumstances by a prudent and careful person. The statute mentions the word mismanagement, negligence or mismanagement. It is another form of negligence of doing a thing in the wrong way. The statute also speaks of contributory negligence, in the expression where such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto. Usually that matter of contributory negligence has to be pleaded in the answer and proved by the defendant, but the statute requires that he shall not be guilty of contributory negligence, and requires him to allege in his complaint that he was not guilty of such. In his complaint McFail says he was not guilty of contributory negligence. He says the act was not due to any act of his or negligence on his part; therefore, he is required to prove that he has not been guilty of negligence, that the act was not due to any act on his part or to his contributory negligence. That does not mean he must show he was entirely free from negligence; because a plaintiff, in a case like this, may have been to some extent careless; but though careless, if he shows the injuries he complains of were due primarily and immediately to the negligence of the defendant—in other words, if he shows that the negligence of the defendant was the proximate and immediate cause of the injury, the defendant will be liable in damage. A man may be guilty of negligence or carelessness to a certain extent himself, and may be injured by the carelessness or negli-

gence at the same time of another, and if the carelessness of
the other was the immediate cause of the damage done, then
the carelessness of the plaintiff canot be called contributory
negligence, although he may have been to some extent negli-
gent.    It must be contributory to the injury—that is to say,
that the injury would not have been inflicted but for his neg-
ligence.    If, therefore, the injury would have been inflicted
in spite of any negligence on the part of the plaintiff, if the
evidence shows that the plaintiff's negligence would not pre-
vent him recovering in damages—that is to say, if the
defendant's negligence was the proximate cause of the injury
notwithstanding the plaintiff's negligence, then the county
would be liable.    And so, also, it is not sufficient for the
plaintiff to establish his right to a verdict to prove the county
was negligent or careless, but he must prove that negligence
or carelessness of the county was the proximate cause of the
injury complained of.    Because it is conceivable that the
county may have been negligent and careless in this matter
of the bridge, but it is also conceivable that the plaintiff's
own negligence may have been the proximate cause of the
injury.    And if the jury are satisfied, in a case like this, that
the injury would not have occurred but for the negligence of
the plaintiff, in that case the plaintiff cannot recover.    You
will, therefore, bear in mind that if it be shown that the
county was guilty of negligence or mismanagement, if it be
shown that the county failed to keep the bridge in good re-
pair, but if it also be shown that the injury would not have
occurred but for the plaintiff's own negligence, in that case
the county would not be liable.    This is the doctrine which
was read to you yesterday by the counsel for the defendant
from a case in our own Supreme Court, and is good law and
applies to both sides.    You will inquire whose negligence
caused the injury, and if you are satisfied that the plaintiff's
negligence was the proximate cause of the injury, then the
defendant must not be held liable, even though to a certain
extent negligent.    So, if you are satisfied that the injury
resulted immediately from the defendant's negligence, then

the defendant would be held liable in damage, even though to a certain degree the plaintiff has been negligent. In defining negligence as being the want of due care, it is proper to add that the measure of care is for the jury to decide under the circumstances in each case, because that measure of care would vary. You will ask the question: What degree of care and attention should have been exercised by the county officials charged with the keeping up of that bridge across that river? If, in your opinion, the officials fell short of that measure of care that ought to have been exercised, then you will find them guilty of negligence, and you are to find from the testimony whether that is the case or not. Of course, it is the duty of the county by its officers to keep the roads and bridges in good repair; that does not mean that they must provide bridges of solid masonry or iron bridges, but they must provide such bridges as will be safe and passable, safe for the citizens of the county and safe for the ordinary traffic of the country. Failure to perform this duty makes a lack of due diligence."

The jury retired and rendered a verdict in favor of the plaintiff for $500 damages. Judgment was duly entered thereon, and from this judgment the defendant appeals on the following grounds and exceptions:

1. That his Honor, the presiding Judge, erred in charging the jury, that if, in an action under section 1169 of the Revised Statutes, the negligence on the part of the plaintiff was the proximate cause of his injury or damage, he could not recover; but that, nothwithstanding the plaintiff may have been in some degree negligent, yet, if the defendant's negligence was the proximate cause of the injury, the plaintiff would be entitled to recover; whereas, he should have charged the jury that the action being one under section 1169 of the Revised Statutes, the question as to proximate or remote cause was eliminated, and that if they were satisfied by the evidence that the plaintiff "in any way brought about such injury or damage, or negligently contributed thereto," he could not recover.

2. That his Honor, the presiding Judge, erred in holding that the doctrine as to contributory negligence, as laid down in *Farley* v. *The Charleston Basket and Veneer Co.,* 51 S. C., 222, is applicable to an action under section 1169 of the Revised Statutes, and in consequence thereof, charging the jury as follows: "You will enquire whose negligence caused the injury, and if you are satisfied that the plaintiff's negligence was the proximate cause of the injury, then the defendant must not be held liable, even though to a certain extent negligent. So if you are satisfied that the injury resulted immediately from the defendant's negligence, then the defendant would be held liable in damages, even though to a certain degree the plaintiff has been negligent."

3. That his Honor, the presiding Judge, erred in charging the jury, in effect, that contributory negligence in an action, under section 1169 of the Revised Statutes (this action being under said section), on the part of the plaintiff, if not of such degree as to be the proximate cause of the injury complained of, would not free the defendant from liability, if the defendant's negligence was the proximate and immediate cause of the injury; whereas, he should have charged the jury that if the plaintiff "in any way brought about such injury of damage, or negligently contributed thereto," he could not recover, notwithstanding the defendant may to some extent have been negligent.

4. That his Honor, the presiding Judge, erred in charging the jury in reference to the negligence on the part of a plaintiff, which would bar a recovery by him in an action for damages against the county, under section 1169 of the Revised Statutes, as follows: "It must be contributory to the injury—that is to say, that the injury would not have been inflicted but for his negligence." And again: "You will, therefore, bear in mind that if it be shown that the county was guilty of negligence or mismanagement, if it be shown that the county failed to keep the bridge in good repair, but if it be also shown that the injury would not have occurred but for the plaintiff's own negligence, in that case the county

would not be liable." Inasmuch as said charge requires the plaintiff's negligence in order to bar a recovery to be an efficient cause of his injury, instead of merely contributory thereto.

5. That his Honor, the presiding Judge, erred in charging the jury in an action under said section 1169 of the Revised Statutes, that the negligence on the part of a plaintiff in order to bar his recovery must be the proximate cause of the injuries complained of.

6. That his Honor, the presiding Judge, erred in charging the jury under the provision as to contributory negligence in section 1169 of the Revised Statutes as follows: "A man may be guilty of negligence or carelessness to a certain extent himself, and may be injured by the carelessness or negligence at the same time of another, and if the carelessness of the other was the immediate cause of the damage done, then the carelessness of the plaintiff cannot be called contributory negligence, although he may have been to some extent negligent;" in that said charge excludes the finding of contributory negligence on the part of a plaintiff wherever the defendant's negligence is a proximate or immediate cause of the injury or damage.

7. That his Honor, the presiding Judge, erred in charging the jury, under said section 1169 of the Revised Statutes, that "if the defendant's negligence was the proximate cause of the injury, notwithstanding the plaintiff's negligence, then the county would be liable."

8. That his Honor, the presiding Judge, erred in charging the jury in this action to recover damages, under section 1169 of the Revised Statutes, as follows: "You will inquire whose negligence caused the injury, and if you are satisfied that the plaintiff's negligence was the proximate cause of the injury, then the defendant must not be held liable, even though to a certain extent negligent. So if you are satisfied that the injury resulted immediately from the defendant's negligence, then the defendant would be held liable in damages, even though to a certain degree the plaintiff had been

negligent." Inasmuch as this charge limited the inquiry of the jury as to whose negligence was the proximate cause of the injury, and placed on the defendant by implication the burden of satisfying the jury that the plaintiff's negligence was the proximate cause of the injury; whereas, the statute requires the plaintiff to prove that he did not negligently "contribute" to the injury.

*Messrs. W. H. Townsend, Izlar Bros. & Rice,* for appellants, cite: 18 S. E. R., 936; 25 S. E. R., 82; 34 S. E. R., 17; 51 S. C., 222; 33 S. E. R., 173.

*Mr. John R. Bellinger,* contra.

April 11, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action brought by plaintiff to recover damages for injuries alleged to have been sustained by the negligence of the officers charged with the duty of keeping in repair a certain bridge within the limits of the county of Barnwell at the time the disaster occurred, but subsequently cut off from that county and embraced within the limits of Bamberg County. The case came on for trial before his Honor, Judge Benet, and a jury in the Court of Common Pleas sitting for the county of Bamberg. The jury having rendered a verdict in favor of plaintiff, and judgment having been entered thereon, the defendant appeals from the several grounds set out in the record; and as all these grounds impute error to the Circuit Judge in his charge to the jury, it is proper that the charge of the Judge set out in the "Case," together with the exceptions thereto, should be incorporated by the reporter in his report of this case.

We do not propose to consider the exceptions *seriatim*, as they all, in different forms, impute error to the Circuit Judge in his instructions to the jury as to what negligence on the part of the plaintiff would bar a recovery in an action of this

kind.    There can be no doubt—in fact, it is conceded—that this action is based entirely upon the provisions of the act of 1892—21 Stat., 111, which has been incorporated in the Rev. Stat. of 1893 as sec. 1169, in the following language: "Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway or bridge, may recover, in an action against the county, the amount of actual damages sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto.    If such defect in any road, causeway or bridge existed before such injury or damage occurred, such damages shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement."    Inasmuch as it was the settled law of this State, at least, that no action of this kind could be brought against a county, which is a mere government agency, established for public purposes, until such right of action was conferred by statute (*Young* v. *City of Charleston,* 20 S. C., 116, and the cases cited therein, and *Walker* v. *Chester County,* 40 S. C., 342), it follows necessarily that a plaintiff in bringing such action must conform to the requirements of the statute conferring such right of action.    *Walker* v. *Chester County, supra.*    Hence, to maintain this action, it was necessary for the plaintiff not only to allege and prove that the injuries of which he complains against the county were "occasioned by its neglect or mismanagement," but also that he "has not in any way brought about such injury or damage by his own act, or negligently contributed thereto."    If, therefore, the injury complained of was in any way brought about by the negligence of the plaintiff, or if he negligently contributed thereto, then the plaintiff, under the express terms of the statute, could not recover.    The legislature, by the use of the language above quoted, manifestly intended to declare that in either one of two contingencies the plaintiff could not

recover. 1st. If the injury was in any way brought about by his own act. 2d. If he negligently contributed thereto. Now if the statute had stopped after declaring the first one of these two contingencies, then possibly the conclusion might have been that the negligence of the plaintiff, in order to bar a recovery, must be the efficient cause of the injury or, to use the language of the Circuit Judge, must be the immediate proximate cause of the injury, as the words "brought about" would seem to imply. But the statute does not stop there, but goes on to declare another contingency upon which the plaintiff's right of recovery would be barred—if he negligently *contributed* thereto. The use of the word "contributed" necessarily implies that there was another cause to which the plaintiff's negligence might contribute; and although plaintiff's negligence might not alone be sufficient to cause the injury, yet if it contributed to some other cause—for example, the defendant's negligence—then the plaintiff could not, under the second contingency declared in the statute, recover. It seems to us, therefore, that the Circuit Judge erred in using the following language to the jury : "You will inquire whose negligence caused the injury, and if you are satisfied that the plaintiff's negligence was the proximate cause of the injury, then the defendant must not be held liable, even though to a certain extent negligent. So if you are satisfied that the injury resulted immediately from the defendant's negligence, then the defendant would be held liable in damages, even though to a certain degree the plaintiff has been negligent." The case of *Wragge* v. *Railroad Co.,* 47 S. C., 105, may be cited in support of the foregoing views. In that case the action was brought under a special statute (sec. 1692 of Rev. Stat. of 1893), which provided that if a person was injured by collision with a railroad train at a crossing, and it appears that the corporation had neglected to give the signal required at such crossing, and that such neglect *contributed* to the injury complained of, the corporation shall be liable for all damages caused by the collision. One of the questions made in the case was whether

it was error to refuse to charge as requested, that in order to render the defendant liable, the jury must conclude that the failure to give the required signals was the *proximate cause* of the injury sustained. The Court held that there was no error in such refusal, using the following language: "All that the statute requires is that the neglect to give the prescribed signals shall *contribute* to the injury; which, in our judgment, is a very different thing from saying that such neglect must be the *proximate cause* of the injury. * * * Now, under the express terms of this statute (and we may say the same of the statute under consideration in the present case), the only inquiry, so far as the point we are now considering is concerned, is, *not* whether the neglect to give such signals was the *proximate* cause of the injury, as might have been the case apart from the provisions of this statute, but the inquiry is, in the language of the statute, whether "such neglect contributed to the injury." And the Court, after showing that one of the settled rules for the construction of a statute is to give the words used therein their ordinary and popular signification, unless there is something in the statute requiring a different interpretation, proceeds as follows: "Now, as it is apparent that there is nothing in the statute here under consideration (and the same may be said of the statute involved in the present case) to indicate that the word 'contributed' was used in any other than its ordinary and popular signification, the only inquiry is what is such signification? This word is of frequent occurrence in the text-books and in the decided cases where it most frequently appears in questions of contributory negligence. The foundation upon which the doctrine that contributory negligence on the part of the plaintiff will constitute a defense to an action to recover damages for an injury caused by the negligence of another, rests, is, that when such injury may be partly the result of the defendant's negligence and partly the result of the plaintiff's own negligence, the Court will not undertake to graduate or apportion the damages according to the contribution of either side, and will leave the parties as

they found them, repels the idea that the words 'contributed' or 'contributory' ever has been understood to bear such an interpretation as that claimed for it by the appellant (that is, that it was the immediate or proximate cause of the injury). On the contrary, it seems to us that in the ordinary and popular signification of the term, one thing is understood to contribute to a given result, when such thing has some share or agency in producing such result, and it is not understood to convey the idea that such thing was the efficient cause of such result, in the sense that, without it, such result would not have occurred." To the same effect, see the very recent case of *Cooper* v. *Railway Co.,* 56 S. C., 91. It seems to us, therefore, that the Circuit Judge erred in instructing the jury that the plaintiff's negligence would be no defense unless it was the efficient, immediate or proximate cause of the injury complained of, and that this error permeates all that portion of his charge with reference to contributory negligence.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the case be remanded to that Court for a new trial.