### 6864

### HEAPE v. BERKELEY COUNTY.

SURFACE WATER—DEMURRER.—A COUNTY is not liable to a landowner for damages caused to his land by draining by ditches surface water off the public road and other lands on to his where it ponds. Demurrer by county to complaint against it, a road overseer, county supervisor and one commissioner, charging draining surface water on to plaintiff's lands by ditches from the public road, and against an individual, charging he drained his surface water into the road ditches and thence on to plaintiff's land, sustained as to all. MR. JUSTICE WOODS *dissents as to sustaining the demurrer as to any of the defendants except the county.*

Before GARY, J., Berkeley, November, 1906.   Affirmed.

Action by Emma A. Heape against Berkeley County, Joe R. Brown, Nathan Taylor, J. H. Harvey and Daniel T. Baxter.   From order sustaining demurrer, plaintiff appeals.

*Mr. W. St. Julian Jervey,* for appellant, cites: *There is a distinction between duties of county officers which are of a general governmental character and those which affect particular interests:* 2 Dill. Mun. Corp., Sec. 966; 20 Ency., 1191, 1196-7; 19 Pick., 516; 4 L. R. A., 594; 36 Minn., 373; 70 Wis., 401; 11 West. R., 333; 1 L. R. A., 296; 78 S. W., 446.   *The defendants used plaintiff's property as a dumping ground without compensation:* Art. I, Sec. 17, Case; 12 Mass., 466; 37 Barb., 399; 51 N. H., 515; 25 Wis., 236; 142 Mass., 110; 1 L. R. A., 467, note.   *Demurrer only aids party demurring:* 44 S. C., 144; 57 S. C., 505; 27 S. C., 318; Pom. Rem., 339; 14 Ency. P. & P., 212; 2 Humph., 327.

*Mr. R. W. Haynes,* contra.

April 14, 1908.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   On the         day of August, 1904, Mrs. Emma A. Heape brought her action against Berkeley County and four of its agents, seeking to recover five thousand dollars damages, alleged resulting to her on a tract of land of four hundred and five acres in said county on account of the following alleged wrong:

"That on or about         day of July, 1901, Joe R. Brown, then and there being overseer for the road district, including the premises aforesaid, did unlawfully and wrongfully cause to be dug a certain ditch parallel with the public road known as the State road, on the aforesaid land of the plaintiff; and also a ditch across the said road into, upon and across the public school house property of School Dis-

trict No. 25, and into and upon the land of the plaintiff adjacent thereto. That he did all this without permission and against the protest of the plaintiff. That the said Joe R. Brown, overseer as aforesaid, thereupon unlawfully and wrongfully turned and caused to flow the surface water, then being upon his own land, into the said first mentioned ditch, which water, by natural flow through the said ditches, came upon and inundated the land of the plaintiff.

"That on or about the     day of August, A. D. 1901, the defendant, Nathan Taylor, then being a member of the county board of commissioners for Berkeley County, did unlawfully and wrongfully, in furtherance of said overflow, and with intent to inundate the plaintiff's land, direct and cause to be dug and cut a second ditch, parallel with said road, in the land of the plaintiff, against the solemn protest and warning of the plaintiff.

"That by reason of the flowing of the said water in and upon the land of the plaintiff, she has suffered great and grievous damage, in this: That a large part of the lands of the plaintiff became wet and sobby and unfit for cultivation and inconvenient for the passage of wagons, carts and animals, damaging the growth of timber and trees thereon, and did cause spreading out of ponds, near the residence of the plaintiff, so that chills, fevers and other malarial diseases were induced, making it dangerous for the plaintiff and her family to remain and reside on the premises.

"That said overflow and inundation is a nuisance and is of inestimable injury and danger, hurtful and injurious to the health of the plaintiff and her family and tenants, and a great damage to her said property,—to the damage of the plaintiff five thousand dollars ($5,000).

"That on or about the     day of July, A. D. 1903, Jesse H. Harvey, then and there being county supervisor of Berkeley County, did unlawfully and wrongfully cause to be cut and dug certain other ditches along said public road, known as the State road, and across said road and into and

upon the said land of the plaintiff, notwithstanding the protest and objections of the plaintiff.

"That thereupon the defendant, Daniel F. Baxter, unlawfully and wrongfully dug and cut a ditch from his adjoining land, then covered with water, into and across land of the plaintiff, into and connecting with the aforesaid ditches, notwithstanding the earnest protest and warning of the plaintiff, so that by natural flow the surface water on his land was carired off through the said ditches into and upon the said land of the plaintiff.

"That by reason of the flowing of the said water in and upon the land of the plaintiff, she suffered grievous damage in this: That a large part of the land of the plaintiff became wet and sobby and unfit for cultivation and inconvenient for the passage of wains, carts and animals, damaging the growth of timber and trees thereon, and did cause the spreading out of ponds near the residence of the plaintiff, so that chills, fevers and other malarial diseases were induced, making it dangerous for the plaintiff and her family to remain and reside on said premises.

"That said overflow and inundation is of inestimable injury and danger, hurtful and injurious to the health of the plaintiff and her family and tenants, and a great damage to her said property,—to the damage of the plaintiff five thousand ($5,000) dollars."

To this complaint the defendant answered, but at the hearing before his Honor, Judge Ernest Gary, Berkeley County exhibited its demurrer, praying that plaintiff should not be allowed to proceed; Judge Gary sustained the demurrer and dismissed the complaint. From this decision the plaintiff has appealed on the grounds set forth in the exceptions, which are as follows:

1. "Because his Honor erred in holding that the defendant, Berkeley County, is not liable for the acts and conduct of the parties, as alleged in the complaint, for that it is a corporation, created as a political division of the State, and

there is no statute in this State which authorizes an action for damages against a county for the facts and injuries alleged on the face of the complaint; whereas, he should have held that the facts alleged in the complaint constitute an exception to the rule stated in the cases cited in the said order.

2. "Because, even if the demurrer of the defendant, Berkeley County, was well taken, his Honor erred in dismissing the complaint as against the other defendants."

We will now consider the appeal.

Berkeley County is a body politic and corporate. (See Section 9, Article VII, of the Constitution of 1895.) In the division of the care and responsibilities of the management of certain parts of the county government, by section 1354 of the Civil Code of South Carolina, "The county supervisor and county board of control are required to take charge of and superintend the repairs of the highways and bridges within the county."

Under these officers, overseers of roads are appointed under section 1363 of the Code. By section 1367 of the Code the overseer is required to perform the work on the roads under his charge, "for which purpose he is hereby authorized to enter upon uncultivated lands, or improved lands unincumbered by crops, near to or adjoining such roads, and to enter on any lands adjoining or lying near the road, to make such drains or ditches through the same as he may deem necessary for the benefit of the roads, doing as little injury to the land and improvements thereon and timber as the nature of the case and the public good will permit; and the drains and ditches so made shall be kept open by the overseer and shall not be obstructed by the owner or occupant of such lands, or any other person or persons having the lands in charge."

Section 1349 of the Code: "All roads, highways and ferries that have been laid out or appointed by virtue of an act of the General Assembly, or any order of the Court,

or by an order of the county board of commissioners, are hereby declared to be public roads and ferries, and shall be under the supervision and control of the county board of commissioners and county supervisor."

The road named in the complaint as the State road is one of these roads. Any interference there may be with the private property of adjacent owners of said road to be legal must be under the power of these agents of the county supervisor. Disputes naturally arise amongst the parties in regard to such work. In the case at bar the plaintiff has such a controversy with the County of Berkeley and its agents named in the complaint. The question, therefore, occurs: Can the plaintiff sue the county and its agents as complained?

In 20 A. & E. Enc., 1193, it is said: "The rule is general that a municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals when engaged in the performance of public or governmental functions or duties * * * and where the particular enterprise is purely a matter of public service for the general and common good it makes no difference whether it is mandatory or whether it is only permitted and voluntarily undertaken. A municipal corporation, therefore, is not liable for negligence in the course of work undertaken purely for the public benefit and advantage and not for the benefit of the corporation." At page 1195, of the same volume, it is said: "The doctrine in question has also in some cases taken form in the rule that where the duty owing is to the public, the breach of it does not create a right of action in favor of an individual. Indictment and not a civil action by an individual is a proper remedy for the breach of public duty."

So the Circuit Judge, in the case at bar, held that the demurrer should be sustained, referring as authority for that proposition to our cases of *Matheny* v. *Aiken,* 68 S. C., 163, 47 S. E., 56; *Parks* v. *Greenville,* 44 S. C., 168, 21

S. E., 540; *Walker* v. *Chester*, 40 S. C., 342, 18 S. E., 936, and other cases cited in his opinion.

As the Judge viewed the complaint as directed against Berkeley County and its officers, he determined that the entire complaint should be dismissed.

We agree with him in his conclusion, and the judgment of the Circuit Court is affirmed.

MR. JUSTICE WOODS, *dissenting.* I concur in sustaining the demurrer of Berkeley County, but the other defendants did not demur, and I do not think the Court should, of its own motion, dismiss the action as to them.