## 7197

### McLEES v. CITY OF ANDERSON.

PLEADINGS—CITIES AND TOWNS—NEGLIGENCE.—In an action against a city for injuries caused by defects in its streets the allegations that "the plaintiffs did not in any way bring about such injuries by their own negligent act nor did they negligently contribute thereto" are material allegations of fact, constitute a part of plaintiff's cause of action, and no facts upon which they are based need be alleged.

Before GAGE, J., Anderson, July, 1908. Affirmed.

Action by Mrs. Anna E. McLees and her husband, George R. McLees, against city of Anderson, on the following complaint:

"The complaint of the plaintiffs respectfully shows:

1. "That the plaintiff, Mrs. Anna E. McLees is a married woman, the wife of her co-plaintiff, George R. McLees, who is joined with her in this action in compliance with the requirement of the statute in such case, made and provided.

2. "That the defendant, the city of Anderson, is a municipal corporation under and by the laws of the State of South Carolina, and is empowered by the Act incorporating it to sue and be sued in the Courts of this State.

3. "That as such municipal corporation, defendant was, and is charged by law with the duty of keeping its streets, causeways, bridges, and public ways in proper repair and safe condition for the use of the public on foot and by vehicle.

4. "That previous to the 11th day of March, 1907, the defendant, the city of Anderson, its officers, agents, servants and employees, negligent and unmindful of their duty in the premises, negligently and carelessly allowed a defect to become and remain in West Market street, which is a street under the control of the said city, and within its corporate limits, to wit, a long, narrow, dangerous and deep hole, and allowed the same to remain in the said street in the road

way thereof for many days after the said city, its officers, agents, servants or employees had notice thereof, or should, with the exercise of ordinary diligence and reasonable care as was their duty, have had notice thereof.

5. "That on or about the said 11th day of March, 1907, the plaintiff, Mrs. Anna E. McLees, and her husband, George R. McLees, and their infant grandchild, were driving in a buggy along said West Market street in the said city of Anderson, S. C., when the front wheel of the buggy dropped into the said deep and dangerous hole, and in consequence of said wheel falling into the said hole, which was a defect in the said street, which was under the control of the said defendant corporation, the plaintiff, Mrs. Anna E. McLees, was thrown with great violence from the buggy, falling upon the axle thereof between the body and wheel of the buggy, thereby greatly injuring and bruising her leg and other parts of her body; that she hung for a time upon the said axle until she was thrown to the ground where the wheel of the buggy passed over her body, inflicting upon her many grievous bruises, wounds and hurts.

6. "That in consequence of being so as aforesaid thrown violently to the ground from said buggy, so as aforesaid caused by the said defect in the said street, the plaintiff, Mrs. Anna E. McLees, suffered an injury to her leg, which was terribly wounded and bruised and hurt, from which there came a virulent running sore or abscess, which threatened the loss of her leg, and which caused her great pain and suffering, and from which she was confined to her bed and house for many months, during which time she was almost wholly incapacitated to attend to her household duties, or to do any work of any kind to her great loss and suffering.

7. "That plaintiffs were put to much expense for medical attention and attendance for the said Mrs. Anna E. McLees for the hire of help to perform the labors which she was accustomed to do and which she could not do because

of the injuries thus inflicted upon her; for the hire of persons to wait upon her and attend her; for medicine, appliances and other expenses incidental to the treatment of her injuries and made necessary thereby; and suffered much loss because of the loss of time from her accustomed duties. That said defect existed before the injuries complained of occurred, but plaintiffs' load did not exceed the ordinary weight; that such defect was occasioned by the neglect and mismanagement of the defendant corporation in allowing the said deep and dangerous hole to be worked into the street and to remain there; and that plaintiffs did not in any way bring about such injuries and damages by their own negligent act, nor did they negligently contribute thereto; that by reason of such negligence and mismanagement of the said defendant corporation, as hereinabove set forth, the plaintiffs have been injured in the sum of five thousand dollars ($5,000).

"Wherefore plaintiffs demand judgment against the defendant corporation for the sum of five thousand dollars ($5,000) and the costs of this action."

From order overruling demurrer to complaint, defendant appeals.

*Mr. Jno. K. Hood,* for appellant, cites: *Complaint is demurrable:* 80 S. C. *Necessary allegations:* 40 S. C., 345; 58 S. C., 417. *Facts must be alleged:* 5 Ency., 12; 70 S. C., 475; 76 S. C., 553; 40 S. C., 345; 58 S. C., 417.

*Messrs. Bonham, Watkins & Allen,* contra, cite: *Negligence of defendant is for jury:* 81 S. C,. 211; 80 S. C., 534. *Plaintiffs could assume streets were safe:* 8 Cur. L., sec. 15, 78 S. C., 124. *Contributory negligence is for jury:* 66 S. C., 484; 55 S. C., 180; 69 S. C., 480. *Facts to support plea not necessary:* Code, 1902, 2023; 58 S. C., 413; 78 S. C., 330, 562.

May 21, 1909.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an appeal from an order overruling a demurrer to the complaint (which will be set out in the report of the case) on the ground that it does not state facts sufficient to constitute a cause of action.

The first ground of the demurrer was "because the complaint shows on its face that the injury complained of was the result of the plaintiff's own negligent act, or that they negligently contributed thereto."  The complaint alleges that "the plaintiffs did not in any way bring about such injuries by their own negligent act, nor did they negligently contribute thereto."  Even in cases where such words constitute no part of the cause of action, they are construed as material allegations of fact and dispense with the necessity on the part of the defendant of setting up in the answer the defense of contributory negligence.  *Long* v. *Ry.*, 50 S. C., 49, 27 S. E., 531.

For a stronger reason they must be regarded as material allegations of fact, when, as in this case, they constitute a part of the plaintiff's cause of action.  *Walker* v. *Chester County*, 40 S. C., 342, 18 S. E., 936.

For the purpose of the demurrer, these allegations must be deemed to be admitted.  This ground of the demurrer was, therefore, properly overruled.

The second ground of demurrer was, "because the complaint does not state facts sufficient to constitute a cause of action, in that no facts are pleaded, on which to base the allegation, that plaintiffs did not, in any way, bring about such injuries, by their own negligent act, nor did they negligently contribute thereto."  If the plaintiffs did nothing, as they allege, to cause the injury, it is difficult to conceive in what respect there was a necessity for further allegations in laying the foundation for proof of a negative.

Appeal dismissed.