### 7306

### SCOTT v. RICHLAND CO.

PLEADINGS—DEMURRER—AMENDMENTS—COUNTIES.—An allegation that by all the aforesaid negligent acts of the defendant, its agents and servants the plaintiff has been damaged, on demurrer saves a complaint against a county for damages to a land owner caused by raising the grade of the highway, and it is within the discretion of the trial Judge to permit amendment as the cause of action is defectively stated.

Before GAGE, J., Richland, January, 1909.    Affirmed.

Action by M. S. Scott against Richland County.    From order overruling demurrer, defendant appeals.

*Messrs. Thomas & Thomas* and *G. Duncan Bellinger,* for appellant.    *Messrs. Thomas & Thomas* cite: *County not liable at common law:* 20 S. C., 118; 40 S. C., 344; 3 Pet., 398; 2 Hill, 575.    *Road Law:* 23 Stat., 998; Code 1902, 1347.    *What complaint must show:* 74 S. C., 539; 40 S. C., 342.    *Not liable for surface water:* 39 S. C., 475; 80 S. C., 36; 77 S. C., 282.    *Error to permit amendment:* 18 S. C., 305; 32 S. C., 145; 35 S. C., 361; 26 S. C., 423; 32 S. C., 144; 53 S. C., 500; 64 S. C., 493; 74 S. C., 244.

*Messrs. Clarkson & Clarkson,* contra, cite: *The complaint states a cause of action:* 61 S. E., 203; 47 S. C., 63; 2 Hill, 571; 14 S. C., 286; 19 S. C., 412; 27 S. C., 419; 34 S. C., 141; Code 1902, 1347; 40 S. C., 342; 77 S. C., 281. *Remedy of defendant is motion and not demurrer:* 68 S. C., 554; 82 S. C., 170.    *Amendment properly allowed:* 25 S. C., 342; 50 S. C., 398; 58 S. C., 466; 48 S. C., 492; 81 S. C., 574; 54 S. C., 98; 57 S. C., 242.

October 7, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The defendant appeals from an order overruling a demurrer and allowing the plaintiff to amend his complaint.   The object of the action is to recover damages for the alleged injuries to plaintiff's land, adjacent to the "Camden Road," arising from the work done by the County of Richland on that highway.   The question whether the complaint stated any cause of action is determined by the construction to be given to these paragraphs of the complaint:

5. "That at the time this plaintiff came into possession of this said lot or parcel of land, and prior to the time hereinafter mentioned, it lay on a level with the surface of the said highway and the natural flow of water in times of rain, was carried off by a pipe drain, constructed at a considerable expense by this plaintiff, along the frontage of his said lot, which protected his said property from damage by overflow.

6. "That on or about the 20th day of December, 1907, and for several days before and after said date, the defendant, by its agents, worked on the said highway, where it passes plaintiff's said lot, and against his protest, and without his consent, dug up his piping and hauled it away, and refused, and still refuses, to return it to this plaintiff, although he has demanded the same.

7. "That the defendant, by its agents and servants, filled up the said drain and raised the bed of the said road about four-feet along the frontage of plaintiff's said lot, destroying and obstructing the ingress and egress for vehicles to his said lot, to his great inconvenience and damage.

8. "That by reason of the aforesaid raising of the bed of said road by the defendant, its agents and servants, the flow of water in times of rain has been turned from the road and neighboring lands onto and upon the land of the plaintiff, washing under the building thereon and settling around the pump in said lot, to the great damage of the said premises, rendering them unhealthy and uninhabitable by the tenants, who have notified this plaintiff that they would

be compelled to move away on account thereof, and materially lessening the value of said property.

9. "That the plaintiff has not in any way brought about any of the injuries or damage aforesaid by his own negligent act, nor has he negligently contributed thereto.

10. "That by reason of the aforesaid negligent acts and doings of the defendant, its agents and servants, this plaintiff has been damaged in the sum of two thousand ($2,000) dollars."

The law is settled in this State by the case of *White* v. *City Council,* 2 Hill, 571, and the numerous cases which follow it, that such an action as this against a county can be maintained only when directly authorized by statute. The statutory authorization of such an action is contained in section 1347 of Civil Code:

"Any person who shall receive bodily injury, or damage in his person or property, through a defect or in the negligent repair of a highway, causeway or bridge, may recover in an action against the county the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto. If such defect in any road, causeway, or bridge, existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* That if, in any case brought under this section, it is made to appear that before the damage occurred the supervisor of such county had been notified in writing, by any citizen, that the highway, causeway, or bridge, at or on which the damage occurred, was defective, or needed repair, the burden of proof, as to the negligence of county officials, shall be upon the county to show either that such defect did not in fact exist, or that it had been properly repaired, or that a reasonable time had

not elapsed since such notice within which to make such repairs."

There can be no recovery under the statute without the allegation and the proof that the defect which caused the damage, or injury, was occasioned by neglect or mismanagement on the part of the county.    *Walker* v. *Chester County,* 40 S. C., 342, 18 S. E., 936.   The complaint is quite defective in this respect, but it is not entirely devoid of the allegation of negligence, for in the tenth paragraph all the acts from which the injury is alleged to have resulted are characterized as negligent.    In such case the remedy of the defendant is a motion to require the plaintiff to make the allegation of negligence more definite and certain.    *Buist* v. *Melchers,* 44 S. C., 46, 21 S. E., 449 ; *Spires* v. *R. R..* 47 S. C., 28, 24 S. E., 992 ; *Johnson* v. *Ry.,* 53 S. C., 203, 31 S. E., 305 ; *Goodwin* v. *Ry.,* 76 S. C., 557, 57 S. E., 550 ; *Berley* v. *Ry.,* 83 S. C., 411.

These conclusions dispose of the assignment of error in granting the plaintiff leave to amend the complaint ; for where a cause of action is defectively stated, it is within the discretion of the Circuit Judge to order an amendment.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.