MOODY v. AIKEN COUNTY

(117 S. E., 533)

1. BRIDGES—ESSENTIAL ELEMENTS TO AUTOMOBILIST'S ACTION FOR IN-JURIES FROM DEFECT IN BRIDGE STATED.—In an action by an automobilist against a county for injuries resulting from the automobile breaking through a bridge under Civ. Code 1912, § 1972, plaintiff must allege and prove that his injury was not brought about by his own negligent act, that he did not negligently contribute thereto and that defendant's negligence was the cause of the injuries.

2. BRIDGES—ACT OF GOD MUST BE SOLE CAUSE TO CONSTITUTE DEFENSE TO ACCIDENT FROM DEFECT IN BRIDGE.—In an action by an automobilist against a county for injuries resulting from the automobile breaking through a bridge, an act of God is a valid defense only when it is the sole cause of the injury.

3. BRIDGES—EVIDENCE OF HEIGHT OF PREVIOUS FLOODS ADMISSIBLE WHERE DEFENCE IS EXTRAORDINARY FLOOD.—In automobilist's action for injuries alleged to have resulted from a defective bridge, the answer alleging that the injury was caused by an extraordinary flood, evidence as to the height of previous floods *held* admissible.

4. BRIDGES—IN AUTOMOBILIST'S ACTION, NUMBER OF MILES OF ROAD IN COUNTY ADMISSIBLE ON QUESTION OF TIME IN WHICH TO INSPECT AND REPAIR.—In an action against a county by an automobilist for injuries alleged to have resulted from a defective bridge, the number of miles of road in the county *held* admissible as affecting time required to learn of defects and make repairs.

Before DeVORE, J., Aiken, March, 1922. Reversed and remanded.

Action by J. G. Moody, Jr., against Aiken County. Judgment for plaintiff and defendant appeals.

This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

The complaint is as follows:

"(1) That the plaintiff was a resident of Barnwell County, S. C., and the defendant is a body politic and corporate.

---

NOTE.—On liabilities of counties for injuries to travelers and vehicles by bridges and approaches being out of repair see note in 39 L. R. A. 33.

"(2) That the defendant owns a certain highway leading from Hamburg to Ellenton, known as the River Road, and that it was the duty of the county to maintain said highway in a safe condition.

"(3) That on the 14th day of December, 1919, the plaintiff was driving his Chalmers automobile over the said road, and that it was necessary to cross a certain bridge where it spans Horse creek a few miles from Hamburg. That while driving said automobile in a careful manner and without negligence, he drove it on said bridge, which immediately gave way, crashing said automobile through the bridge and into the water 12 or 15 feet below, plaintiff being in the car, totally destroying said automobile and severely injuring said plaintiff about his back and chest. That plaintiff lost his overcoat and other wearing apparel, and has been severely and permanently injured in his person.

"(4) That the plaintiff's loss and injury were caused by the negligence, willfulness, and wantonness on the part of the officers of the defendant charged with the maintenance and upkeep of the public highways, in that said bridge was constructed in an imperfect and defective way, and because the proper supervision and care was not exercised to see that said bridge was kept in the condition required by law. And that the county officials knew, or should have known by the exercise of due diligence, that the bridge and road in question were in bad condition, and negligently, willfully, and wantonly allowed said road to remain open for the use of the traveling public, many of whom are strangers and unacquainted with said road; the said bridge being also defective and in negligent repair.

"(5) That by reason of said acts of negligence, willfulness, and wantonness, the plaintiff was damaged in his property and person in the sum of $10,000, and asks judgment therefore."

The answer is as follows:

"(1) That it denies all the allegations of the complaint not admitted.

"(2) That it admits that it was a body politic and corporate charged with the duty of maintaining and keeping up the public highways running through said county.

"(3) That if the plaintiff was injured in his person and property, as set forth in the complaint, the said injury was due entirely to his own negligence and lack of care on his part, in that he did carelessly, negligently, willfully, and recklessly attempt to travel over said highway and bridge well knowing their condition in a heavy and ponderous automobile when it was in a practically demolished and impassable condition, caused by the recent floods that tore up said road and bridge, and by attempting to travel over said road and bridge in such a careless, willful, and reckless manner, well knowing its condition, he assumed the risk of the danger of attempting to pass over the said road and bridge, and this defendant should not be held liable therefor.

"(4) That if the plaintiff was damaged in his person and property as set forth in the complaint, the said injury and damage was the result of his own contributory negligence as above set forth, in attempting to travel the said road and cross said bridge well knowing their condition in said heavy and ponderous automobile while the said bridge and road were in practically demolished and impassable condition as a result of recent floods, which negligence, combined and concurred with the negligence of the defendant, if any, and contributed to his injury and damage, as a proximate cause thereof and without which it would not have happened.

"(5) Further answering the complaint, this defendant alleged that if the highway and bridge mentioned and described in the complaint were in a torn up, damaged, and impassable condition as set forth in the complaint, then the same was due to an act of God, in that there had recently been a very unusual and extraordinary flood, caused by the

heavy rains, which washed up the said road, and so damaged the said bridge as to place it in an unsafe condition, and the said flood waters had not sufficiently subsided at the time of the accident for the defendant to have reasonable time in which to repair the said damage, and the said condition being beyond the control of this defendant, this defendant is not liable for any damages which the plaintiff may have received on account hereof, and asks that the complaint be dismissed with costs."

The exceptions are as follows:

"(1) The presiding Judge erred in refusing to allow defendant to show by the records of the United States Weather Bureau, at Augusta, Ga., the number and height of the floods that have occurred in the Savannah River since the United States Weather Observatory was established there in 1875, and in sustaining plaintiff's objection thereto, for the reason that said evidence was very material to the defendant's case, to show the frequency and extent of such floods at the place in question, in order that the jury might determine whether the flood in question was an ordinary or an extraordinary flood, and whether or not the defendant had taken proper care to guard against it; also to determine whether the flood in question that caused the damage to the bridge was of such an extraordinary character as might be classed as an act of God, which would relieve the defendant from liability for the damages caused thereby, or whether the damages sustained by the plaintiff were the result of defendant's negligence.

"(2) The presiding Judge erred in refusing to allow defendant to prove by the witness B. W. Fair the facts concerning the flood of 1908, unless we could show that it was the same depth as the flood in question and that the conditions were the same, whereas it is respectfully submitted that said testimony was competent and material to defendant's case as bearing on the question of whether or not defendant was negligent in taking proper care to construct and safe-

guard the bridge and travelers using the same, from damages caused by such floods, or whether the flood in question was an extraordinary flood for which the damages caused thereby the defendant would not be liable.

"(3) The presiding Judge erred in refusing to allow the defendant to prove by Ex-Chief Commissioner W. W. Busbee the width and size of the defendant county, its number of miles of public roads, the density of its population, and things of that sort, and in holding that it was the duty of the county to keep its public highways in a reasonably safe condition, and that such evidence has nothing to do with this county, and in sustaining plaintiff's objection thereto, for the reason that the defendant's liability for damages caused by defects in its highways and bridges depends on whether or not defendant was negligent in keeping said highways and bridges in reasonably safe repair and condition. And negligence being a relative term, what would be negligence in a densely populated city or place might not be negligence in a wide, sparsely settled county. Said testimony was very material to the defendant's case as bearing on the issue of negligence, and it was very harmful and prejudicial to defendant's rights to rule it out.

"(4) The presiding Judge erred in charging the jury: 'This last defense which refers to their not having had a reasonable time in which to repair the bridge has nothing to do with this case. There is no evidence of written notice having been given to the supervisor.' The error being that the said charge was a charge on the facts, contrary to the Constitution, and prohibited the jury altogether from considering whether or not the county officials had exercised due diligence to discover the defect in the bridge or in warning the public of the danger and in not repairing the bridge sooner. Said fact was very material as bearing on the question of whether or not the defendant was negligent, and its exclusion from consideration by the jury was extremely harmful and prejudicial to the rights of the defendant.

"(5) The presiding Judge erred in charging the jury that in order for an act of God to be a defense ;is this case, the defendant must show that it was the sole cause of the injury. The error being that if an act of God was a proximate cause of the injury, the defendant would not be liable, even though it was also guilty of negligence which contributed to the injury as a proximate cause thereof, and it was not necessary to show that an act of God was the sole cause of the injury in a case like this."

*Mr. J. B. Salley,* for appellant, cites: *Evidence as to other floods competent:* Cham. Ev. Sec. 3457. *Nature of floods that will relieve county from liability:* Elliott Roads and Streets (2nd Ed.), 72; 7 Rich., 499. *Municipality must have notice to be liable:* 2 Smith Nun. Corp., Secs. 1297, 1298, 1544; 69 S. C., 359; 88 S. C., 555; 120 S. C., 500 9 S. E., 17. *Error to instruct jury to disregard defense:* 71 S. C., 62. *Distinction between liability of county and carrier for act of God:* 29 S. C., 101; 65 S. C., 509; 80 S. C., 210; 105 S. C., 226; 1 Civ. Code 1912, Sec. 1972.

*Messrs. Brown & Bush* and *R. L. Gunter,* for respondent, cite: *Appellant cannot complain of favorable charge:* 114 S. C., 458. *Statement by Judge of admitted facts is not charge on facts:* 92 S. C., 214; 96 S. C., 74. *Act of God as defense:* 99 S. C., 64; 29 S. C., 96; 65 S. C., 509; 80 S. C., 210.

May 8, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The exceptions numbered 1, 2, and 3 will be considered together. The admissibility of testimony is ordinarily addressed to the discretion of the presiding Judge, and his ruling is not the subject of appeal unless there was an erroneous exercise of his discretion, which has not been made to appear in this case. These exceptions are therefore overruled.

The next exception that will be considered is No. 4.

His Honor, the presiding Judge, thus construed the complaint and answer:

"Mr. Foreman, and Gentlemen of the Jury: The sum and substance of the plaintiff's complaint, as set forth therein, is that on the date and at the time set out in here, he was traveling on the public highway in this county, and that there was a bridge over the same, and that he undertook to cross it, and that the bridge gave way, and that he and his automobile were thrown into the stream, and he was damaged and injured to the extent of $10,000, and he alleges that the same was due to the negligence and carelessness of the county officers in maintaining and repairing that bridge, whose duty it was to do so.

"The defendant, Aiken County, answers that complaint, and denies the material allegations of it, and says that it was plaintiff's own negligence that caused the injury; and that if the defendant was negligent, that the plaintiff was negligent also, and that his negligence contributed to the cause of the injury, and as a third defense sets up that it was caused by an act of God.

"Those are the issues that you have got to pass on in this case. This last defense, which refers to their not having had a reasonable time in which to repair that bridge, has nothing to do with this case. There is no evidence of written notice having been given to the supervisor."

Section 1972, Code of Laws 1912, is as follows:

"Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway, or bridge, may recover, in an action against the county, the amount of actual damage sustained by him by reason thereof: *Provided,* such person has not in any way brought about such injury or damage by his own act, or negligence contributed thereto. If such defect in any road, causeway, or bridge existed before such injury or damage occurred, such damage shall not be recovered

by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* that such county shall not be liable unless such defect was occasioned by its neglect or mismanagement: *Provided, further,* that if in any case brought under this section it is made to appear that before the damage occurred the supervisor of such county had been notified in writing, by any citizen, that the highway, causeway or bridge, at or on which the damage occurred was defective, or needed repair, the burden of proof as to the negligence of county officials shall be upon the county to show, either that such defect did not in fact exist, or that it had been properly repaired, or that a reasonable time had not elapsed since such notice within which to make such repairs."

As it was not made to appear that, before the injury was sustained, the Supervisor of Aiken Cuonty had been notified in writing, by the plaintiff that the highway or bridge on which the damage occurred was defective or needed repair, the last proviso has no application to the facts of this case. It was incumbent on the plaintiff, not only to allege and prove that his injury was not brought about by his own negligent act, and that he did not negligently contribute thereto, but it was also incumbent on him to allege and prove that the negligence of the defendant was the cause of the injury. The following decisions show that this construction is rendered necessary by the peculiar provisions of Section 1972, *supra: Walker v. Chester County,* 40 S. C., 342; 18 S. E., 936. *Cotton Mills v. Springs,* 56 S. C., 534; 35 S. E., 222. *McFail v. Barnwell County,* 57 S. C., 294; 35 S. E., 562. *Kennedy v. City of Greenville,* 78 S. C., 124; 58 S. E., 989. *Heape v. Berkeley County,* 80 S. C., 32; 61 S. E., 203. *McLees v. City of Anderson,* 82 S. C., 565; 64 S. E., 750. *Scott v. Richland County,* 83 S. C., 506; 65 S. E., 729. *Stone v. City of Florence,* 94 S. C., 375; 78 S. E., 23.

It will thus be seen that the ruling of his Honor, the presiding Judge, that "this last defense, which refers to their

not having had a reasonable time in which to repair the bridge, has nothing to do with this case," was prejudicial to the rights of the appellant, and this exception is sustained.

It is only necessary to cite the case of *Sloan v. White,* 105 S. C., 226; 89 S. E., 564, to show that the fifth exception cannot be sustained.

Reversed and remanded for new trial.

MR. CHIEF JUSTICE WATTS concurs.

MR. JUSTICE FRASER, (see opinion). MR. JUSTICE COTHRAN, (see below), and MR. JUSTICE MARION, all concur in result.

MR. JUSTICE COTHRAN, My understanding of the law is that the admissibility of evidence is a question of law and is not addressed to the discretion of the trial Judge. I think that exceptions 1, 2, and 3 should be sustained.

MR. JUSTICE FRASER, I concur in the result.

I. It seems to me that the height of previous floods was relevant. It seems to me that a bridge should be strong enough to withstand the strain that will probably be put upon it. It may be that a prudent man might rely upon a bridge that had stood all the floods that have been known. A bridge that might be safe at one place might be unsafe at another. The jury should know the facts in order to determine the question of negligence.

II. So, also, as to the number of miles of road in a county; the number of miles of public road might determine the question of negligence in failing to learn of defects and the time in which repair can reasonably be expected to be made. The greater the number of miles, the longer time is required to inspect, and the longer time required to repair.

I think these two assignments of error should be sustained.

MR. JUSTICE MARION concurs.