### 10888

### HOWARD v. PAYNE, DIRECTOR GENERAL

### (112 S. E. 437)

1. APPEAL AND ERROR—WHERE COURT COULD NOT CONTRADICT STENOGRAPHER'S REPORT OF LANGUAGE OF INSTRUCTION, INSTRUCTION CONSTRUED AS SET OUT IN STATEMENT.—Where a proposed case sets out the language of the instruction as given by the Court, and a proposed amendment to eliminate a portion of the language was refused by appellant, and the Court in settling the case said that he was not prepared to contradict the stenographer's report of the language used, the instruction must be considered as set out in the statement.

2. RAILROADS—CHARGE ON GROSS CONTRIBUTORY NEGLIGENCE AT CROSSING HELD ERRONEOUS.—An instruction that the law of contributory negligence does not apply to plaintiff injured at a crossing, unless his contributory negligence was of a gross and reckless kind amounting to a violation of law, is erroneous under Civ. Code 1912, § 3230, providing in the alternative for gross negligence or act in violation of the law.

3. APPEAL AND ERROR—INSTRUCTION CONTAINING ERROR OF LAW NEED NOT BE CALLED TO COURT'S ATTENTION TO BE REVIEWABLE.—An instruction on contributory negligence at a crossing, that unless the contributory negligence amounted to a violation of law, etc., was reviewable, though the Court's attention was not called to it.

1 S. C.—120.

4. TRIAL—ERROR IN INSTRUCTION ON CONTRIBUTORY NEGLIGENCE HELD
NOT CURED BY OTHER INSTRUCTION.—Where plaintiff's action was
for injury at a crossing, an instruction that contributory negli-
gence does not apply as to a crossing case unless the contributory
negligence was of a gross kind amounting to a violation of law, and
that plaintiff can recover unless he is guilty of gross or willful
negligence, or was acting in violation of law, a further statement
that a person injured at a crossing would not be deprived of the
right to recover on the ground of contributory negligence, unless his
contributory negligence was of that character described in the
statute, being gross recklessness amounting to a violation of law,
did not correct the error.

Before MEMMINGER, J., Lexington, November, 1920.
Reversed.

Action by C. A. Howard against John B. Payne, Director
General of Railroads and Harry Burkett. Judgment for
plaintiff and defendant appeals.

*Messrs. Frank G. Tompkins, Geo. B. Cromer* and *C. M.
Efird,* for appellant. *Mr. Cromer* cites: *Failure to properly
instruct the jury as to contributory negligence is error*: 56
S. C., 95; 59 S. C., 324. *Statement in charge was not in-
advertent*: 74 S. C., 136.

*Messrs. Timmerman, Graham & Callison,* for respond-
ent, cite: *Words of obvious meaning need no explanation*:
59 S. C., 215; 19 A. & E. Enc. L. 108; Thomp. Trials, Sec.
2463. *If more explicit instruction was desired it should
have been asked*: 102 S. C., 166; 110 S. C., 240; 110 S. C.,
284; 114 S. C., 433; 114 S. C., 178. *Failure to instruct is
not reversible unless verdict is manifestly wrong*: 109 S. C.,
253; 110 S. C., 281. *What is reversible error in Judge's
charge*: 108 S. E., 93; 106 S. E., 775; 105 S. E., 341; 105
S. E., 350; 104 S. E., 567; 114 S. C., 260; 109 S. C., 387;
108 S. C., 130; 114 S. C., 241; 114 S. C., 78; 112 S. C.,
177; 111 S. C., 429; 110 S. C., 240; 110 S. C., 284; 109 S.
C., 346; 108 S. C., 393; 94 S. C., 341; 86 S. C., 231; 75 S.
C., 307; 95 S. C., 104.

May 20, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages on account of injury to person and property in a collision between a train and the automobile of the plaintiff at a highway crossing.

From a judgment in favor of the plaintiff, the defendants appeal.

The only assigned error which we shall consider is that claimed to have occurred in the charge of the presiding Judge in reference to the contributory negligence of the plaintiff.

The defendant, as a part of the proposed "case containing exceptions," submitted a transcript of the Judge's charge as taken down by the stenographer, in which the following was set forth: After giving the general law of contributory negligence the Circuit Judge is shown therein to have charged the jury:

"As to a crossing case, it does not apply, unless the contributory negligence on the part of Mr. Howard, if the jury would find was of a gross or reckless kind or amounting as *it is said in the statute, to a violation of the law.* (Italics added.) He is not deprived of recovering for crossing injuries, unless he is guilty of gross or willful negligence or was acting in violation of law; the idea being that the public have a right to use a crossing just as well as the railroad company, their rights being coequal; and a person injured at a crossing would not be deprived of a right to recover for that injury on the ground of contributory negligence *unless his contributory negligence was of that character described in the statute which I have read to you, being gross recklessness as to amount to a violation of law."* (Italics added.)

The respondent served the appellant with a notice proposing an amendment to the proposed case, striking out that portion of the Judge's charge declaring that the gross or willful negligence of the plaintiff must have amounted to a violation of the law, upon the ground that he had made no such declaration; that the transcript was erroneous in this regard.

The appellant refused to allow the proposed amendment and gave notice of a motion before the Circuit Judge to settle the "case."

It appears that the case was tried November 15, 16, 17, 1920; the proposed case was served February 4, 1921; the proposed amendments were served March 17, 1921; the motion to settle the case was noticed for April 4, 1921, but was not heard until April 18, 1921; the order settling the case was not filed until July 6, 1921.

The Circuit Judge, in his order settling the "case," thus expresses himself upon the issue of the correctness of the reported charge:

"I am not prepared to contradict Mr. Anderson's report of the language used in the portion of the charge objected to."

After stating that the defendant's counsel had accepted the plaintiff's first proposed amendment which evidently was not the amendment under consideration, he concludes:

"The rest of the 'case' will be printed as proposed by defendants, together with this order."

The necessary effect therefore of the order settling the case is to leave the objectionable matter in the transcript of the charge just as proposed by the defendant.

The efforts of the counsel for respondent to have that matter expunged from the charge and the repudiation of it by the Circuit Judge are strongly persuasive of its incorrectness.

Aside from this, the language of the statute is conclusive upon the issue. It provides, "unless it is shown that, in addition to a mere want of ordinary care, the person injured * * * was, at the time of the collision, guilty of gross or willful negligence, or was acting in violation of the law" (Civ. Code 1912, § 3230), plainly providing for alternative conditions in no sense synonymous. The defendant relied upon the alleged gross negligence of the plaintiff, not that he was acting in violation of law; and for the Judge to add the requirement that such

gross negligence as would relieve the defendant must, as declared in the statute, have amounted to a violation of the law, was plainly prejudicial error.

Nor do we agree to the suggestion that so plain an error should have been called to the attention of the presiding Judge. As is said by the Court in *Nickles v. R. Co.,* 74 S. C., 102, 54 S. E., 255:

"Whatever may be the view elsewhere our cases support the view that an instruction upon an issue as to which there is no evidence whatever or a mistake in stating issues, is not reversible error unless the attention of the Court is called to the matter."

The error here falls in neither of these classes; nor can it be considered an inadvertence, for it was repeated after a correct statement of the law had been made; the correct statement being sandwiched between the two erroneous statements. The distinction is clearly stated by Chief Justice McIver in the case of *Easler v. R. Co.,* 59 S. C., 311, 37 S. E., 938:

"If he had inadvertently or for any other reason omitted to charge the jury as to the law of contributory negligence, then, possibly, a request would have been necessary for the purpose of calling the attention of the Circuit Judge to such omission. But here he undertook to charge the jury as to the law of contributory negligence, and the complaint is that he erred in the instructions which he gave to the jury as to the law of contributory negligence."

We have examined the charge with care to ascertain whether or not the error complained of could be said to have been dissipated by a correct statement elsewhere, but find no suggestion of a correction. What immediately follows is an analysis of the defendant's contention as to the gross contributory negligence of the plaintiff; there is no suggestion that it is not controlled by the preceding statement; the inference necessarily is that it is so controlled.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE FRASER: I concur in result with MR. JUSTICE COTHRAN.

I. As to the failure of the presiding Judge to define "gross negligence," I see no reversible error in such failure. A fuller statement of the law must be requested.

II. The second exception is, in my judgment, reversible error. The Judge told the jury twice that the gross and willful negligence that constituted a defense must be an unlawful act. This is not the law. It is said, however, that the error, if any, was offset by another portion of the charge that was too favorable to the appellant, to wit, that his Honor told the jury that, if the plaintiff contributed to his own injury, he could not recover. That did not cure the defect. "If he contributed," contributed how? The charge answered it, "By an unlawful act." To illustrate: If a man sees a train coming and races it to the crossing and gets caught and injured, the jury might consider that gross and willful negligence. If he ran his automobile on the crossing for the purpose of wrecking the train, that would be an unlawful act. In neither event could there be a recovery under the statute. Under this charge the plaintiff must recover unless the jury believed that the plaintiff's intention was to wreck the train. The charge was not only erroneous, but the error dominated the whole charge.

The order settling the case did no harm and was not calculated to do any harm to the appellant and therefore was not prejudicial.

MR. JUSTICE MARION (concurring): The defense of contributory negligence raised the vital issue in the case. Plaintiff himself testified that, when the engine of his automobile choked down on the crossing, he jumped out to crank his car; that he saw the train coming; that he waved his handkerchief seven or eight times; that he then jumped

on the running board of his car to shut off the switch key; and that he thought he had time to get out of the way. He miscalculated his chances. For the trial Judge the charge that plaintiff's conduct in so acting must amount to a violation of law in order to relieve him of the legal consequence of contributory negligence was clearly prejudicial error.

I concur in the opinion of MR. JUSTICE COTHRAN, and also in the concurring opinion of MR. JUSTICE FRASER.

MR. CHIEF JUSTICE GARY: When the charge is considered in its entirety, the error was not prejudicial to the rights of the appellant. It is almost impossible to try a jury case of great length without committing some error. The law is a practical, and not a mere theoretical, science, and is not to be viewed microscopically. I therefore dissent.