**Laura Belle GREENE, as Administratrix of the Estate of Buster Greene, Deceased, Appellant,**

v.

**MONCKS CORNER MOTOR COMPANY and Ford Motor Company, Appellees.**

No. 71–1493.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1971.

Decided Feb. 29, 1972.

Henry Hammer, Columbia, S. C. (Arthur G. Howe, Charleston, S. C., George B. Bishop, and Dennis, Dennis & Bishop,

Moncks Corner, S. C., on brief), for appellant.

A. Baron Holmes, III, Charleston, S. C., for appellees.

Before BRYAN, WINTER, and BUTZNER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Under the South Carolina Wrongful Death Statutes, S.C.Code Ann. §§ 10–1951 to 10–1954 (1962), Laura Belle Greene, administratrix of the estate of Buster Greene, instituted this diversity action against the Ford Motor Company and Moncks Corner Motor Company, a franchised Ford dealer, to recover damages for the death of her intestate. Verdict went against the plaintiff, she now appeals, and we grant a new trial.

The complaint charged that on February 15, 1965, Moncks sold to the employer of plaintiff's intestate a new Econoline van, manufactured by Ford, and that on April 13, 1965, while the intestate was a passenger in the van, its engine exploded, causing his death. It is alleged that the explosion was due to the defective design of the engine and to latent defects in its carburetor. Before trial, Moncks was dropped as a party.

■ The jury returned a verdict in favor of defendant Ford, upon which the Court entered judgment. On appeal, error is assigned to the Court's charge to the jury. To begin, we deny the contentions of appellee Ford that the evidence was insufficient to carry the case to the jury and that discussion of the correctness of the charge is therefore academic. We also reject Ford's assertion, based on Rule 51 of the Federal Rules of Civil Procedure, that objection to the charge was not adequately noted.

■ Beyond disputing the existence of a flaw in the carburetor and disavowing any delinquency whatsoever on the part of the manufacturer, Ford's defense in the main was that it was the duty of the dealer and the deceased to inspect the truck for safety before use, that the asserted infirmities in the vehicle could thereby have been discovered, and that the indifference of Moncks and the intestate in that regard proximately accounted for the accident. Furthermore, says Ford, this neglect was so vital that it amounted to an overriding and intervening factor insulating any carelessness by Ford from the chain of causation. Appellant administratrix recognizes this proposition as sound in the abstract but urges that, as phrased by the Court, its submission to the jury was misleading. It was stated as follows:

"If you should find that upon after receiving the van truck that the dealer or plaintiff intestate knew upon reasonable inspection or the exercise of ordinary care would have known of the defective condition of the truck, and of the danger that would be involved in its use, and if you should further find that the dealer sold the truck, [sic] to the plaintiff's intestate employer, or that the plaintiff's intestate employer permitted plaintiff intestate to use the van truck in a way that was dangerous without warning or giving plaintiff intestate information concerning the defective or dangerous condition, such conduct on the part of the dealer or plaintiff intestate's employer was what in law we call an efficient intervening agency or cause which was the proximate cause of plaintiff's intestate injury. If such were the circumstances, the defendant would not be held liable."

Clearly the instruction incompletely set forth the premises essential to the operation of the principle of intervening cause. The hypotheses employed in the instruction do not in law justify the conclusion that Ford could be acquitted of liability. Comparison of the instruction with an enunciation of the doctrine by the Supreme Court of South Carolina reveals its inaccuracy:

"'On the contrary the general rule is that whoever does a wrongful act is answerable for all the consequences that may ensue in the ordinary course of events, though such consequences

are immediately and directly brought about by an intervening cause, if such intervening cause was set in motion by the original wrongdoer, or was in reality only a condition on or through which the negligent act operated to produce the injurious result.'" Pfaehler v. Ten Cent Taxi Co., 198 S.C. 476, 485, 18 S.E.2d 441, 335 (1942).

Indeed the District Judge frankly indicated a doubt about the soundness of his statement but thought the error corrected by this supplemental charge:

"A negligent defendant cannot escape liability because of the failure on the part of some third person to perform an affirmative duty which if properly performed would have enabled the plaintiff to avoid risk created by the defendant's negligence. The failure of the other to inspect adequately may make him liable to the party harmed, but it will not relieve the defendant whose negligence was responsible for the hazard in the first place. So you are to determine here was the defendant negligent? If so, was that the proximate cause of the injury? Now, if the defendant was negligent, was the plaintiff negligent? Was the plaintiff so negligent that his negligence was a proximate contributing cause as to prevent his recovery, or was there an intervening cause which relieved the defendant's liability?"

The supplemental instruction is not, in our judgment, curative of the preceding instruction. The deficiencies in the first were prejudicial to the appellant since they must, we think, have been confusing to the jury. Because of this, the verdict and judgment on review must be vacated and a new trial awarded. Huggin v. Town of Gaffney, 134 S.C. 114, 140, 132 S.E. 163, 171 (1926); Howard v. Payne, 120 S.C. 1, 112 S.E. 437 (1922).

Vacated and new trial.