WALKER v. CHESTER COUNTY.

1. ACTION AGAINST COUNTY—STATUTES—NEGATIVE AVERMENTS.—The statute which gave a right of action for damages caused by a defect in the repair of a highway, was subsequently amended by the enactment of provisoes which limited such right of action to cases *inter alia*, where the plaintiff had not brought about his injury by his own act, or negligently contributed thereto. *Held*, that a complaint under this statute, as amended, was defective in failing to state that the injury complained of was not brought about by his own act, and that he had not negligently contributed thereto.

Before GARY, J., Chester, October, 1893.

Action by Bersha H. Walker against Chester County, commenced March 9, 1893.

*Mr. George W. Gage*, for appellant.

*Mr. Will A. Barber*, contra.

February 16, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action to recover damages, alleged to have been sustained by reason of a defective highway. The complaint stated that on February 23, 1893, the plaintiff was passing along the public highway of Chester County, on the Worthy's Ferry road, at a point between Dry Fork and the intersection of the said road by the Georgia,

Carolina and Northern Railway, and that by reason of a defect in the repair of the said road, the buggy which conveyed the plaintiff was overturned and broken, the horse which drew plaintiff was held fast in the mire, so that it had to be prized out, the harness upon the horse was broken, the plaintiff was bruised and injured in her person, and her wearing apparel was utterly ruined; that the defect in said highway consisted in a bog, caused by the excessive accumulations of water and the wear of passing wheels; that its existence was well known to the proper authorities of the defendant, and was the result of their gross negligence, as plaintiff verily believes; that by reason of the injuries suffered by the plaintiff in her person and property, and enumerated in paragraph one hereof, she has been damaged in the sum of two hundred and fifty dollars, &c.

The defendant answered, denying each and every statement in the said complaint contained; that if the highway referred to in the complaint was defective, it was due to Providential causes, and not to any carelessness on the part of the defendant county, or its agents or servants; that the defendant and its agents and servants used due care and diligence in repairing said highway and keeping the same in good repair, and that if the plaintiff was injured in her person or property, such injury was not caused by any negligence or carelessness on the part of the defendants or its agents and servants, but was owing to the carelessness and negligence of the plaintiff herself, &c.

The cause came on to be heard at the October term, 1893, before Judge Gary and a jury, when the defendant interposed an oral demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it failed to allege that the plaintiff did not in any way bring about her injury or damage by her own act, or negligently contribute thereto; and, further, that it failed to allege that, at the time of the injury, the plaintiff's load did not exceed the ordinary weight, &c. The judge sustained the demurrer, and dismissed the complaint; whereupon the plaintiff appeals to this court, upon the ground that the judge erred in holding

that the complaint failed to state a cause of action in the plaintiff against the defendant, in that it failed to allege that the plaintiff "did not negligently contribute to the accident set out in the complaint," &c.

The only question in the case is, whether the Circuit Judge erred in sustaining the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. As we understand it, a county was not liable at common law in a civil action for injuries received from defects in the repair of highways, bridges, &c. See *Young* v. *Charleston*, 20 S. C., 116. But the legislature (section 1087 of the General Statutes) by act gave a right of action to persons suffering damage through a defect in the repairs of roads, &c., but denied damages to persons hauling "loads" in excess of the ordinary weight. But whilst this was the law, it was held that the general rule as to contributory negligence applied, but could only be shown as matter of defence. See *Acker* v. *County of Anderson*, 20 S. C., 495, and *All* v. *County of Barnwell*, 29 S. C., 161. This was the law until the amendment of 1892 was passed, which added the following remedial provisions, all in one section of the act, and clearly within the purview of the same: "*Provided*, Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto. If such defect in any road, causeway, or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceeded the ordinary weight: *Provided, further*, That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement," &c.

This action was commenced after this amendment became law, and now the question arises for the first time as to its proper construction. It will be observed that no reference is made to it in the complaint, which was framed just as if the amendment had never been passed. Was it necessary that the complaint should have stated affirmatively that the plaintiff "had not brought about the injury or damages by her own act, or negligently contributed thereto?" If not, we can not understand what was accomplished by the amendment. We can

hardly suppose that the law-makers meant no more than simply to reaffirm the law as it then stood. One of the established rules of construction is, that it will not be presumed that the legislature intended any part of a statute to be entirely without meaning: The legislature was restating the terms and conditions upon which damages in a civil action might be recovered from a county, and we rather suppose that the intention was to change the law as to contributory negligence being only a matter of defence, and to make it necessary to a right of action that the complaint should allege, as a part of the plaintiff's cause of action, that he had not in any way brought about such injury or damage by his own act, or negligently contributed thereto, the effect being merely to shift the burden of proof. The right of action being purely statutory, the proof should fulfill every requirement of the statute, and to do so, it was necessary that the complaint itself should contain appropriate allegations to sustain that proof.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE MCIVER. I concur in the result. The right of action in this case being based entirely upon a special statute, it seems to me that the conditions upon which such right is conferred must appear in the complaint, for otherwise no right of action is stated.