## 10914

MUCKENFUSS *ET AL* v. ATLANTA & C. A. L. RY. CO. *ET AL.*

(113 S. E., 367)

1. TRIAL—CHARGE, ELIMINATING ACTION FOR NEGLIGENCE, HELD PROPER.—In an action by a property owner against a railroad for setting fire to a building, in which the complaint contained two causes of action, one based on Civ. Code 1912, § 3226, imposing liability on the railroad for destruction of property by fire from sparks of an engine, regardless of negligence on the part of the railroad, and the other based on negligence in construction and operation of defendant's engine, where plaintiff's attorney during the trial several times stated that the second cause of action had been abandoned, a charge eliminating that cause of action was proper.

2. APPEAL AND ERROR—PARTY ASSUMING BURDEN OF PROOF CANNOT COMPLAIN OF INSTRUCTION FOLLOWING PROOF.—In an action under Civ. Code 1912, § 3226, imposing liability on a railroad company for destruction of property by fire regardless of negligence, where the building was located on the property of the railroad, and plaintiff alleged and undertook to prove that it was not unlawfully placed on the railroad's property, he could not complain of a charge that the burden was upon him to prove that the building was not placed on the railroad's right of way unlawfully.

3. APPEAL AND ERROR.—INTRODUCTION IN EVIDENCE OF JUDGMENT ROLL IN ANOTHER CASE BETWEEN SAME PARTIES, NOT OBJECTED TO AT TRIAL, CANNOT BE OBJECTED TO ON APPEAL.—In an action for destruction of a building by fire caused by sparks from railroad engine, where the introduction in evidence of a judgment roll in a suit by the railroad company against the present plaintiff to compel the removal of the building from the railroad's right of way was not objected to at the trial, the objection cannot be raised on appeal.

4. APPEAL AND ERROR—PERMITTING CASE TO BE AMENDED HELD, IF ERROR, NOT PREJUDICIAL.—In an action for loss of a building from a fire caused by sparks from railroad engine, permitting the "case" to be amended was not error, since, although strictly speaking, a Circuit Judge is without such power, the Supreme Court has power to remand the case for that purpose, and will consider the amendment as made *nunc pro tunc*, and since outside of the amendment the record shows that plaintiffs withdrew a cause of action founded on negligence in the management of defendant's engines, the error, if any, was not prejudicial.

Before SEASE, J., Spartanburg.   May, 1917, Affirmed.

Action by S. V. Muckenfuss *et al.,* partners as Mucken-
fuss Mfg. Co. against Atlanta & Charlotte Air Line Ry.
Co. and Southern Ry. Co.   Judgment for defendants and
plaintiffs appeal.  For former appeal see 97 S. C., 46.

*Messrs. S. G. Finley, Stanyarne Wilson* and *John T.
Seibels,* for appellant, cite: *Burden of proof*: 98 S. C., 284;
217 Mass., 91; 10 R. C. L., 898; 22 C. J., 68. *Judgment
roll as evidence:*  42 S. C., 67.  *Presumption as to fire on
right of way:* 19 S. C., 39; 16 S. C., 588; 2 Strob., 356; 81
S. C., 572; 99 S. C., 498.

*Messrs. DePass & Wrightson* and *DePass & DePass,*
for respondent, cite: *Liability of railroad for fires*: 262
Fed. Rep., 89; 24 S. C., 366; 31 S. C., 378; 41 S. C., 86;
81 S. C., 567; 83 S. C., 557; 87 S. C., 239; 1 Civ. Code
1912, Sec. 3226. *Judgment Roll admissible:*   12 Rich.,
200.  *Settlement of case for appeal*: 62 S. C., 296.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages on account of the destruction by
fire of a broom factory building and contents, alleged to
have been caused by sparks from the engine of the railroad
company. The plaintiffs are the owners of the property and
certain insurance companies claiming to be subrogated to
the extent of the policies paid by them.  The case was tried
before Judge Sease and a jury, and a verdict rendered in
favor of the defendants.  The plaintiffs have appealed.

It appears that at some time prior to February 8, 1906,
Muckenfuss Manufacturing Company (a partnership, sub-
sequently incorporated), erected a building for their fac-
tory within 38.6 feet of the defendants' main line.   On
that day, February 8, 1906, the railway company instituted
an action in the Court of Common Pleas for Spartanburg

County to compel the removal of the building from their right of way. While this action was pending, on November 17, 1909, the building and contents were destroyed by fire. On November 24, 1911, the action referred to was terminated by the entry of judgment upon a consent decree, in which it was held to have been conceded by the Muckenfuss Company that the railway company was entitled to the unobstructed use of their right of way, and in which the Muckenfuss Company was enjoined from erecting any building, or otherwise obstructing the right of way, 100 feet from the center of the main line. The Muckenfuss Company thereafter reconstructed their factory outside of the 100-foot right of way. The building last referred to is not the one which was destroyed by fire on November 17, 1909, but the one erected outside the right of way in 1910, under a settlement confirmed by the decree entered November 24, 1911. The present action was commenced in February, 1913, and tried in June, 1917.

The complaint contains two causes of action: The first based upon section 3226, vol. 1, Code of Laws, A. D. 1912, which imposes liability upon a railroad company for property destroyed by fire, caused by sparks from an engine, regardless of the question of negligence on the part of the railroad company, and the other based upon the negligence of the railroad company in the construction and operation of its engines on account of which sparks were emitted which set fire to the building.

The exceptions raise the following questions:

(1) Did the circuit Judge err in withdrawing the second cause of action from the jury and in charging them that there was no evidence of negligence to be submitted to them?

(2) Did the circuit Judge err in charging the jury that the burden was upon the plaintiffs, in establishing their first cause of action, to prove that the building which was destroyed by fire was not placed upon the railroad company's right of way unlawfully or without its consent?

(3) Did the circuit Judge err in charging the jury that, even if the building was originally placed upon the right of way lawfully or with the consent of the railroad company, the plaintiffs could not recover if at the time of the fire the building was there unlawfully or without the consent of the railroad company?

(4) Did the circuit Judge err in admitting in evidence the judgment roll in the case of Southern Railway Company against Muckenfuss Manufacturing Company?

As to the first question: The record is very clear that the plaintiffs in effect withdrew their second cause of action and elected to make the fight upon the first, which was easier to establish, as under the statute the question of negligence on the part of the railroad company is eliminated; the liability is absolute, without reference to that issue.

At the close of all the testimony, when the defendants moved to direct a verdict as to the second cause of action, the following took place:

"Counsel for plaintiff states: 'The first cause of action is the one we are relying on.' "

When the defense opened its argument to the jury, the following took place:

"Mr. DePass opened the argument for the defendant, and when he stated to the jury that he would first discuss with them the question of negligence as set up in the second cause of action, and then the question as to whether the sparks from the railroad set fire to the building under the first cause of action, Mr. Wilson arose and stated that it would be useless for counsel to argue the question of negligence with the jury, as set forth in the second cause of action as the plaintiffs relied upon the first cause of action."

At the conclusion of the judge's charge, in which he had not charged the jury at all as to the second cause of action,.

counsel for plaintiffs remarked to the judge: "You have covered our requests." Counsel for defendants then withdrew their requests relating to the second cause of action If the counsel for plaintiffs intended to rely upon their second cause of action, if they had not already withdrawn it, it was incumbent upon them to call the omission and their contention to the Court's attention. In view of this turn of the case it was entirely proper for the circuit Judge to charge that the issue of negligence was eliminated, which is in effect what his statement that there was no evidence of negligence amounted to.

As to the second question: The liability, which the plaintiffs sought to fix upon the defendants, under the statute as set forth in their first cause of action, regardless of the question of negligence, did not exist at common law, but was created by the statute. As is said by the Court in *Walker v. Chester County,* 40 S. C., 342; 18 S. E., 936:

"The right of action being purely statutory, the proof should fulfill every requirement of the statute, and to do so it was necessary that the complaint itself should contain appropriate allegations to sustain that proof."

In this case the action was under the statute, which imposes a liability upon counties for injuries sustained by reason of a defect in or a negligent repair of a highway (Section 1972, Vol. 1), an exception to the rule at common law. The statute contains a proviso that:

"Such person has not in any way brought about such injury or damages by his own act, or negligently contributed thereto."

The Court sustained a demurrer to the complaint upon the ground that the essential elements in the statutory liability above stated had not been alleged. It seems impossible to differentiate the application of that principle in the two cases. The plaintiffs appear to have taken the same view

of the matter, for they were careful to allege the fact that the building was not placed upon the right of way unlawfully or without the consent of the railroad company, and endeavored to establish that allegation by evidence.

Even if it should not be held that the burden under the statute is upon the plaintiff to negative the exception in the statute, that is to say, to allege and prove that the building destroyed was upon the right of way lawfully or with the consent of the railroad company, the plaintiffs have in this case voluntarily assumed that burden both by their allegations and effort at proof, and cannot now complain that the Circuit Judge followed their lead in the matter.

"Where a party erroneously assumes the burden of proof as to a particular allegation or the burden of evidence as to a particular fact, the mistake will not be corrected in the Appellate Court." 16 Cyc., 927.

"Where a party has assumed the burden of proving a fact, he will not on appeal be heard to say, for the first time, that the burden of proof was on the other party." 2 Cyc., 675. *Benjamin v. Shea,* 83 Iowa, 392; 49 N. W., 989; *Denton v. Chicago R. Co.,* 52 Iowa, 161, 2 N. W., 1093, 35 Am. Rep., 263.

"Parties are bound on appeal by the positions they take at the trial (referring to burden of proof), if no demand of public policy interferes with the application of that rule." *Stewart v. Outhwaite,* 141 Mo., 570; 44 S. W., 327.

"Defendant cannot complain upon appeal of an error of the trial Court in placing upon him the burden of proof, where he accepted the burden without objection." *Bass v. Brown* (Ky.) 66 S. W., 720; *Fitzpatrick v. Weber,* 168 Mo., 562, 68 S. W., 913.

"Where, in an action on a policy of life insurance, the plaintiff, in pursuance of a suggestion by the Court, and without objection, assumes at the trial the burden of establishing that there was no breach of warranty, he cannot

116 MUCKENFUSS *et al. v.* A. & C. A. L. Ry. Co. *et al.*

insist on appeal that defendant held the burden of establishing a breach." *O'Farrell v. Ins. Co., 22* App. Div. 495, 48 N. Y. Supp. 199.

"A contention that a party assumed the burden of proof respecting a certain issue, and that it rested on him, cannot be made for the first time on appeal." *Parrish v. Mahany,* 12 S. D., 278, 81 N. W., 295, 76 Am. St Rep., 604.

"The general rule is that whoever has the affirmative of the issue, as determined by the pleadings, * * * has the burden of proof." 16 Cyc., 926.

As to the third question. The record does not sustain the exceptions raising this point.

As to the fourth question: The record shows that 3 the judgment roll was introduced in evidence without objection on the part of the plaintiff.

As to the contention that the circuit Judge was in 4 error in permitting the "case" to be amended: This cannot be sustained for two reasons: (1) While, strictly speaking, the circuit Judge is without power to permit an amendment to the "case," this Court has the power to remand the case for that purpose, and will consider the direction as made *nunc pro tunc*: (2) the error, if any, was not prejudicial, as the record abundantly shows, outside of the objectionable amendment, that the plaintiffs withdrew their second cause of action.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

JUSTICES FRASER and MARION concur.

CHIEF JUSTICE GARY dissents.