HUGGIN v. TOWN OF GAFFNEY *ET AL.*

(132 S. E., 163)

1. Municipal Corporations—Charge Submitting Question Whether Excavation Should be Guarded by Red Lights Held Erroneous, Where Ordinance Required Contractor to so Guard Excavation. —In action against town and contractor for injuries resulting from fall into open ditch, charge that jury should decide from evidence whether excavation should have been guarded by red lights, *held* erroneous, where ordinance required contractor to so protect excavation.

2. Municipal Corporations—Charge Submitting Question Whether Contractor Should Have Provided Substantial Walkway Held

ERRONEOUS, IN VIEW OF ORDINANCE POSITIVELY REQUIRING IT.—In action against town and contractor for injuries received from fall into open ditch, charge allowing jury to say whether contractor should have provided walkway across excavation *held* erroneous, in view of ordinance positively requiring such walkway.

3. MUNICIPAL CORPORATIONS—TRIAL—CHARGE THAT TRAVELER GOING DANGEROUS WAY, WHERE THERE IS SAFE WAY, TAKES RISK, HELD ERRONEOUS AS BEING CHARGE ON FACTS AND NOT CORRECT STATEMENT OF LAW AS TO CONTRIBUTORY NEGLIGENCE.—Charge that, if town has two ways in street by which travelers might go, one safe and the other dangerous, traveler takes risk on going dangerous way, *held* erroneous as being charge on facts and not correct statement of law as to contributory negligence.

4. MUNICIPAL CORPORATIONS—CHARGE THAT TRAVELER KNOWING DANGEROUS PLACE CANNOT RECOVER HELD ERRONEOUS AS STATING WHAT ACTS CONSTITUTED NEGLIGENCE AND THAT ORDINANCES COULD BE VIOLATED WITHOUT LIABILITY BY TOWN AND DISREGARDING RULE OF CONTRIBUTORY NEGLIGENCE.—Charge that, if persons traveling along dangerous place in street know it and can see it, they cannot recover if they are injured, *held* erroneous as statement of what acts constitute negligence, and that ordinances could be violated without liability by town, and disregarding rule that person is not guilty of contributory negligence if he uses ordinary care.

5. MUNICIPAL CORPORATIONS—CHARGE PLACING BURDEN ON TRAVELER TO SHOW INJURIES BY FALL INTO DITCH EXCAVATED BY CONTRACTOR IN STREET WERE NOT CAUSED BY HER NEGLIGENCE AS APPLIED TO CONTRACTOR HELD ERRONEOUS.—Instruction that burden of proof was on plaintiff to show that injuries, received when she fell into ditch excavated by contractor in street, were not caused by her negligence, and that same law applied to contractor as to town, *held* erroneous as to contractor, since burden of proof was on him to prove contributory negligence of plaintiff.

6. MUNICIPAL CORPORATIONS—TRIAL.—Charge that traveler, having choice of two ways and choosing unsafe way, cannot recover, *held* erroneous as charge on facts and incorrect statement as to contributory negligence.

7. TRIAL—ERROR IN CHARGE THAT PERSON CHOOSING UNSAFE WAY "IS GUILTY OF NEGLIGENCE" HELD NOT CURED BY MODIFICATION OF QUOTED WORDS TO READ "CANNOT RECOVER."—Error in charge that person choosing unsafe way is guilty of negligence in that it states such person is guilty of negligence as matter of law, *held* not cured by modification changing "is guilty of negligence" to "cannot recover."

8. TRIAL—CHARGE THAT VERDICT FOR TRAVELER'S INJURIES WOULD HAVE TO BE AGAINST BOTH CONTRACTOR AND TOWN, JOINT TORT-FEASORS, HELD ERRONEOUS.—In action against town and contractor for in-

juries received from fall into ditch, excavated by contractor in street, charge that verdict would have to be against both defendants or against neither, *held* erroneous, where defendants were joint tort-feasors.

9. APPEAL AND ERROR—EXCEPTION REFERRING TO FOREGOING EXCEPTION AND INSTRUCTION IN CERTAIN REQUEST, NUMBERED ON MARGIN OF TRANSCRIPT, HELD INCOMPLETE AND CANNOT BE CONSIDERED.—Exception that, "for reason stated in foregoing exception, instruction given in fifth request in paragraph numbered 8 on margin of transcript," *held* incomplete and cannot be considered.

Before DeVORE, J., Cherokee, Fall Term, 1924.   Reversed and remanded for new trial.

Action by Lula Huggin against the Town of Gaffney and T. J. Cagle.   From a judgment for defendants, plaintiff appeals.

The preliminary statement in the case, the complaint, the answer, the Judge's charge and the exceptions are as follows:

### STATEMENT OF FACTS

This action was commenced in the Court of Common Pleas for Cherokee County on June 6, 1923, by the plaintiff against the defendants to recover damages for personal injuries alleged to have been sustained by the plaintiff on account of the alleged acts of negligence on the part of the defendants.

The defendants answered, setting up a general denial, and also pleading contributory negligence.

The issues came for trial before Mr. Justice J. W. DeVore at Gaffney, in November, 1924, and a jury.   A verdict was rendered in favor of the defendants, whereupon a motion for a new trial was made before the presiding Judge on the same exceptions which are contained in the case, and which constitute the foundation of this appeal.   All grounds were overruled, and a new trial refused.

From the judgment and order refusing a new trial, due notice of appeal was given.

At the trial, the plaintiff introduced evidence in support of the allegations of the complaint, and the defendants in-

troduced evidence in support of the allegations of the answers.

### AMENDED COMPLAINT

The plaintiff, complaining of the defendants, alleged:

(1) That the defendant town of Gaffney is a municipal corporation of this State, and as such is required by law to keep its streets and sidewalks in a reasonably safe state of repairs, and is made by law liable for damages to persons who may sustain injury to their persons or property by reason of defects in the construction, repair, or maintenance of its said streets and sidewalks.

(2) That, just prior to the times hereinafter mentioned, the defendant T. J. Cagle, a plumbing contractor in Gaffney, S. C., undertook to and did cut a ditch and made an excavation under the street and sidewalk on South Petty Street, between Buford M. E. Church and the corner of said street and another street running in front of the residence of Dr. J. N. Nesbitt, said ditch and excavation from a point out in the street and entirely under and across the sidewalk, being 4 or 5 feet in depth and about 14 to 18 inches in width; the same having been excavated for the purpose of laying water pipes or sewerage lines thereunder.

(3) That, by valid ordinances of the town of Gaffney, it is made unlawful for any contractor or plumber to leave open and unprotected any ditch or excavation in, on, or across any street or alley in said town; and, for the protection against injury, such persons are required by law to protect such ditches or excavations by substantial posts about which shall be securely fastened substantial railings or ropes to prevent persons from falling therein, and at nights to place a sufficient number of red lights about such places so as to fully warn all persons of the danger.

(4) It is further made unlawful by the law of the said town of Gaffney for any ditch or excavation to be made across any street or alley until the materials to be placed therein are ready for such purpose, so that such ditches and excavations may be filled in without any delay.

(5) That, in order to protect persons from injury, the town of Gaffney had then in force a valid ordinance requiring all plumbers to enter into a good and sufficient bond in the sum of $500 for the benefit of any persons who might suffer injury or damage by reason of the failure to observe the above rules and regulations.

(6) That on the night of the 18th of April, 1923, while the plaintiff, Lula Huggin, was returning from a meeting at the above-named church, and was passing along the said street where the said ditch or excavation was made, it was necessary to cross said ditch, which was open and unprotected in any respect as required by the above-mentioned ordinances, and did not contain any walkway, as required by Section 143 of the ordinances of the said town of Gaffney, but the only means of effecting a passage was to walk across on a narrow curbing on the outside of the sidewalk, which had been made rough and uneven and dangerous by the defendant Cagle, or left so by the town of Gaffney, so that, in attempting the passage, she lost her footing on the rough, uneven, narrow, and dangerous footway left, and was thrown violently into the ditch, and sustained painful injuries and bruises about her face and body, and caused to suffer protracted and painful injuries, great physical pain, and mental suffering, to her damage in the sum of $5,000, and that she did not in any way contribute to her own injury, or bring about such injury or damage by her own negligent act.

(7) That the defendant town of Gaffney was negligent, in that it failed in its duty to inspect the place where the injury occurred, and to have the same made reasonably safe for the plaintiff and others who had the right to travel said street, and in failing to repair the place and to make it safe, or to have the same done, and in permitting the said dangerous and unprotected ditch to remain in said condition without providing safeguards against injury to the plaintiff, and by failing to enforce the provisions of the ordinances of

said town as set out above, by reason of which acts of negligence the plaintiff was injured as above stated and damaged in the sum of $5,000.

(8) That the defendant T. J. Cagle was negligent in that he left said ditch or excavation open and unprotected by substantial posts and ropes or railings as required by law, in failing to have red lights so placed as to fully warn the plaintiff of the danger, by failing to place across said ditch a substantial walkway not less than 24 inches in width with a railing on each side for protection, in providing only a narrow, uneven, rough and dangerous passage on the surface of the outer curbing, only a few inches wide for the plaintiff's passage, in making said ditch before the materials to be used therein were ready to be placed, and without filling in the same without delay, in leaving said ditch open and unprotected in the night-time without adequate provision for the plaintiff's safety, by reason of which acts of negligence, the plaintiff sustained the injuries herein set out to her damage in the sum of $5,000.

(9) That the acts of negligence of both defendants concurred and contributed to bring about and cause the injury to the plaintiff as aforesaid, to her damage in the sum of $5,000.

AMENDED ANSWER OF THE TOWN OF GAFFNEY

The defendant, the town of Gaffney, answering the complaint in this action:

First. Denies specifically each and every allegation of the complaint.

Second. That, if plaintiff received any injuries, as claimed in the said complaint, the said injuries were caused by the negligence, carelessness and recklessness of plaintiff in attempting to cross the said ditch, which was properly guarded, when there was a safe way for her to go; that plaintiff knew, or should have known by the use of ordinary diligence that it was unsafe to try to cross the said ditch, and the precautions used as provided by law gave her ample

warning that such was the case, and the said injuries, if received, were brought about by her own negligence and recklessness, as the approximate cause thereof.

Third. That, if either of the defendants was negligent, which fact this defendant denies as to itself, the plaintiff, Lula Huggin, was also negligent and careless in the manner hereinabove set forth, and the said alleged injuries were caused by the combining and concurring negligence of said plaintiff and these defendants, and plaintiff's negligence and recklessness contributed thereto as the approximate cause thereof.

Fourth. That T. J. Cagle, this defendant's codefendant, in the work done by him, referred to in the complaint, was an independent contractor, and in no sense the agent of this defendant, and this defendant cannot in any manner be held responsible for the acts and doings of the said T. J. Cagle.

## AMENDED ANSWER OF T. J. CAGLE

The defendant, T. J. Cagle, alleged as his answer to the complaint in this action:

First. That he denies each and every allegation of the complaint.

Second. That this defendant used every precaution provided by law in the construction of the plumbing work referred to in the complaint, placing all reasonable safeguards and warning around said works, in order to prevent any one from being injured thereby; that the plaintiff's injuries were caused by her own negligence and recklessness in trying to cross an unsafe place, in an unsafe manner, of which she had due notice, and this negligence and recklessness was the proximate cause of plaintiff's injuries.

Third. That this defendant denies that he was in any manner negligent, but, if there was any negligence, of which he is unaware, the injuries which plaintiff alleges she received were brought about by her own negligence and recklessness, combining and concurring therewith and contributing thereto as the proximate cause thereof.

### JUDGE'S CHARGE

The Court charged the jury as follows:

"The sum and substance of the plaintiff's complaint, gentlemen of the jury, is as follows: After pleading certain ordinances of the town here in the complaint, she goes on to say that on the night of the 18th of April, 1923, while the plaintiff, Lula Huggin, was returning from a meeting at the above-named church, and was passing along the said street where the said ditch or excavation was made, it was necessary to cross said ditch, which was open and unprotected in any respect, as required by the above-mentioned ordinances, and did not contain any walkway as required by Section 143 of the Ordinances of the said town of Gaffney, but the only means of effecting a passage was to walk across on a narrow curbing on the outside of the sidewalk, which had been made rough and uneven and dangerous by the defendant Cagle or left so by the town of Gaffney, so that in attempting the passage, she lost her footing on the rough, uneven, narrow, and dangerous footway left, and was thrown violently into the ditch, and sustained painful injuries and bruises about her face and body, and caused to suffer protracted and painful injuries, great physical pain, and mental suffering, to her damage in the sum of $5,000, and that she did not in any way contribute to her own injury; that the town council of Gaffney was negligent, in that it failed in its duty to inspect the place where the injury occurred, and to have the same made reasonably safe for the plaintiff and others who had the right to travel said street, and in failing to repair the place and to make it safe, or to have the same done, and in permitting the said dangerous and unprotected ditch to remain in said condition without providing safeguards against injury to the plaintiff, and by failing to enforce the provisions of the ordinances of said town as set out above, by reason of which acts of negligence the plaintiff was injured as above stated, and damaged in the sum of $5,000; that the defendant, T. J. Cagle, was negligent, in that he left said

ditch or excavation open and unprotected by substantial posts and ropes or railings as required by law, in failing to have red lights so placed as to fully warn the plaintiff of the danger, by failing to place across said ditch a substantial walkway not less than 24 inches in width, with a railing on each side for protection, in providing only a narrow, uneven, rough, and dangerous passage on the surface of the outer curbing, only a few inches wide for the plaintiff's passage, in making said ditch before the materials to be used therein were ready to be placed and without filling in the same without delay, in leaving said ditch open and unprotected in the night-time, without adequate provision for the plaintiff's safety, by reason of which acts of negligence, the plaintiff sustained the injuries herein set out to her damage in the sum of $5,000; that the acts of negligence of both defendants concurred and contributed to bring about and cause the injury to the plaintiff as aforesaid, to her damage in the sum of $5,000; that the plaintiff has not in any way brought about such injury or damage by her own negligent act or negligently contributed thereto. That in sum and substance is her cause of action.

"Now the defendant, the town of Gaffney, denies the material allegations of the complaint, and alleges that, if the plaintiff received any injuries as claimed, the said injures were caused by the negligence, carelessness, and recklessness of the plaintiff in attempting to cross the said ditch, which was properly guarded, when there was a safe way for her to go; that plaintiff knew, or should have known by the use of ordinary diligence, that it was unsafe to try to cross the said ditch, and the precautions used as provided by law gave her ample warning that such was the case and the said injuries, if received, were brought about by her own negligence and recklessness, as the proximate cause thereof, and it sets up the defense of contributory negligence, and alleges that T. J. Cagle was an independent contractor and in no sense the agent of this defendant, and this defendant cannot in any

manner be held responsible for the acts and doings of the said T. J. Cagle. Now Mr. Cagle puts in an answer also. He denies the allegations, the material allegations, of the complaint, and alleges that he used every precaution provided by law in the construction of the plumbing work referred to in the complaint, placing all reasonable safeguards and warning around said works, in order to prevent any one from being injured thereby; that the plaintiff's injuries were caused by her own negligence, and recklessness, in trying to cross an unsafe place, in an unsafe manner, of which she had due notice and this negligence and recklessness was the proximate cause of plaintiff's injuries; that this defendant denies that he was in any manner negligent, but, if there was any negligence, of which he is unaware, the injuries which the plaintiff alleges she received were brought about by her own negligence and recklessness, combining and concurring therewith and contributing thereto as the proximate cause thereof.

"Now, Mr. Foreman and gentlemen of the jury, the fact that I refused to grant a nonsuit in this case and that I refused to direct a verdict oughtn't to have any effect on you in passing on this evidence. Don't let that have any weight with you in passing on this case at all. It is the duty of the Judge, under the law of this State, to say whether there is any evidence at all or not to be submitted to the jury. If there is any evidence at all or not, it is his duty to say, and then it is the business of the jury to say whether that evidence is enough to base a verdict on for the plaintiff. I am obliged to submit it to you, if there is any evidence at all for you to pass on. I am not passing on whether that evidence is sufficient or not; that is for you. You are to say whether it was enough or not. So, don't you let my refusing to direct a verdict or grant a nonsuit in this case have any weight with you at all; just wipe that out of your minds just the same as if that hadn't happened in the Court. You pass on the evidence in the way you see it, and give such weight to it as you think it deserves.

"It is the duty of municipal corporations to keep the streets and sidewalks in a reasonably safe condition. The law imposes that duty upon them for the purpose of the travel that may be made upon those streets or sidewalks. They don't have to keep them absolutely safe; they have to keep them in a reasonably safe condition, such condition that a person of ordinary reason and prudence and care would keep them. Now, if the town came up to that standard on this occasion, the town has complied with the law. If she failed to comply with the law, and, this cause of action being based on negligence charged against the town and Cagle, it is well for me to give you the definition of negligence. You must keep that in your minds all the way through in this case, so you can apply the evidence to this definition and see whether or not they were negligent. Negligence is the failure to do something that a person of ordinary prudence, reason and care would have done under the same or similar circumstances. That would be an act of omission. Failure to do something. Then negligence may be the doing of something that a person of ordinary reason, prudence, and care would not have done under the same or similar circumstances. That would be an act of commission, the doing of something. This complaint alleges in paragraph 3 : 'That by valid ordinances of the town of Gaffney it is made unlawful for any contractor or plumber to leave open and unprotected any ditch or excavation in, on, or across any street or alley in said town; and, for the protection against injury, such persons are required by law to protect such ditches or excavations by substantial posts about which shall be securely fastened substantial railings or ropes to prevent persons from falling therein, and at nights to place a sufficient number of red lights about such places so as to fully warn all persons of the danger.' Now suppose that you conclude that the town and Cagle failed to do that. It wouldn't then necessarily follow that the plaintiff would be entitled to recover, but you would

have to go a step further and ascertain whether or not that failure was negligence in them, and that that negligence was the direct and proximate cause of the injury. You see, a person or a corporation may be guilty of negligence and yet nobody could recover against them. As I stated to a jury here the other day, suppose a man drives his horse and buggy up here in front of the courthouse and gets out and leaves that horse untied, just loose there, that might be negligence and carelessness in him to do that, but, if nobody were injured on account of that negligence or carelessness, nobody could make him pay for it. So, I say, if you conclude that the town and Cagle failed to comply with that ordinance, it wouldn't necessarily follow then that the town would be liable to anybody, but you would have to go one step further and ascertain whether that was negligent in any way, their failing to do it, and, if it was negligent, was that negligence the direct and proximate cause of the injury to the plaintiff. If that be so, the town would be liable, and so would Cagle, if their negligence concurred and operated together as the proximate cause of the injury, they would both be liable.

"In the fourth paragraph of this complaint it is set forth that: 'It is further made unlawful by the law of the said town of Gaffney for any ditch or excavation to be made across any street or alley until the materials to be placed therein are ready for such purpose, so that such ditches and excavations may be filled in without delay.' Well, was there any delay in the filling in of this excavation on account of materials not being there? I don't know whether there was or not. You would have to ascertain that from this evidence. Under that town ordinance, the material should have been placed there in time not to cause any delay in filling the excavation, but, suppose that did happen, suppose they didn't have the materials there at the proper time under that ordinance, it wouldn't necessarily follow then that the plaintiff would be entitled to recover, but you would have

to go a step further and ascertain whether that was negligence and carelessness in them or not, and whether that negligence and carelessness was the direct and proximate cause of the injury to the plaintiff. If that be so, the plaintiff would be entitled to recover. If that is not so, the plaintiff would not be entitled to recover.

"The seventh paragraph of this complaint alleges: 'That the defendant town of Gaffney was negligent in that it failed in its duty to inspect the place where the injury occurred and to have the same made reasonably safe for the plaintiff and others who had the right to travel the said street.' Well, did the town council fail to inspect it? I don't know whether they did or not. You must answer that from this evidence. In that connection I charge you as a matter of law that it is the duty of the town council to do whatever is reasonably necessary under the circumstances to safeguard its streets and sidewalks for the purpose of preventing injury to people who are entitled to use them. Whether they did that on that occasion or not, I don't know. You must answer that from this evidence, and, if it was necessary to have this place inspected to absolve the town and Cagle from the charge of negligence, it was their business to do it. But, in that same connection, suppose you conclude that the town didn't have it inspected, it wouldn't necessarily follow that the plaintiff would be entitled to recover but you would have to go a step further and ascertain whether that failure was the direct and proximate cause of the injury that she received. Did the failure to inspect the street cause the injury? Was that the direct and proximate cause of the injury? That is a question of fact for you to answer, I can't. If it was, she would be entitled to recover, and, if it was not, she would not be entitled to recover on that act of negligence. And they were negligent, as charged here, in failing to repair the place and make it safe or to have the same done. Well, did they fail to repair it and make it safe? That is a question of fact for you to answer. It was their duty to repair

it and make it reasonably safe, but, suppose you were to
conclude that they failed to repair it and failed to make it
reasonably safe, then before the plaintiff could recover on
that act of negligence, you would have to go a step further
and ascertain whether or not that was the direct and proxi-
mate cause of the injury to the plaintiff. If that be so, she
would be entitled to recover; otherwise she couldn't on that
act of negligence.

" 'In permitting the said dangerous and unprotected ditch
to remain in the said condition without providing safeguard
against injury to the plaintiff.' Well, I charge you in con-
nection with that just what I have told you. Suppose you
conclude that they did fail to do that. You would still have
to go further and ascertain whether or not that was the
direct and proximate cause of her injury before she could
recover. In that connection, however, I charge you that it
is the duty of the municipal authorities, the town council,
to keep their streets in reasonably safe condition and repair,
that duty is imposed upon them, and, if they failed to do
that, they failed to comply with the law, and, if a person is
injured on that account, and it is the direct and proximate
cause, the town would be liable; otherwise it would not be.

"Now the complaint alleges that Cagle was negligent,
in that he left the said ditch open and unprotected by sub-
stantial posts or ropes or railings, as required by law. Well,
did he do that? Did he leave it open and unprotected? I
don't know whether he did or not. If he did, he violated
the law, because it was his business, after making a danger-
ous place in a street or sidewalk, having the authority to do
it, it was his duty to safeguard it so as not to injure people
who would have a right to travel along there where the
unsafe place was or where he had been excavating or work-
ing. But suppose he didn't safeguard it, suppose he did
leave it open, it wouldn't necessarily follow then that the
plaintiff would be entitled to recover. You would have to
go a step further and ascertain whether or not that was the

direct and proximate cause of her injury. If that be so, the plaintiff would be entitled to recover; otherwise she couldn't on that act of negligence.

" 'In failing to have red lights placed as to fully warn the plaintiff of the danger.' Well, I don't know whether they had red lights or not, but if it was necessary for him to have red lights there in order to absolve himself from the charge of negligence, it was his duty to have them. Whether that was necessary or not, I don't know. You will have to answer that from this evidence. But suppose he didn't have the red lights there. You would have to go further and ascertain whether or not the failure to have those red lights there was the direct and proximate cause of the injury to the plaintiff. If that be so, why the plaintiff would be entitled to recover; otherwise she couldn't.

" 'By failing to place across said street a substantial walkway not less than 24 inches in width, with a railing on each side for protection.' Well, did they fail to do that? Did Cagle fail to do that? I don't know whether he did or not, but, if he did, and that was necessary to be done in order to absolve himself from the charge of negligence, it was his duty to do it. But suppose he failed to do it, was that failure the direct and proximate cause of the injury to the plaintiff. He might have failed to do that, and yet the plaintiff might not be entitled to recover, unless you conclude from the evidence that that failure on his part was the direct and proximate cause of the injury to her. If that be so, she would be entitled to recover; otherwise not.

" 'In providing only a narrow, uneven, rough, and dangerous passage on the surface of the outer curbing, only a few inches wide, for the plaintiff's passage.' Well, did he do that? I don't know; you heard this evidence; you must answer that from this evidence. But suppose he did do that, it wouldn't necessarily follow that the plaintiff would be entitled to recover on that act of negligence unless you go further and find out that that was the direct and proximate

cause of her injury. If that be so, she would be entitled to recover on that act of negligence; otherwise she couldn't.

" 'In leaving said ditch open and unprotected in the night-time without adequate provision for the plaintiff's safety.' I don't know whether he did or not. That is a question of fact for you to answer. You have heard the evidence. If that be so, and that was the direct and proximate cause of her injury, she would be entitled to recover. If that was so and still not the direct and proximate cause of her injury, she could not recover on that act of negligence.

"Now, in the ninth paragraph it alleges that the acts of negligence of both defendants concurred and contributed in bringing about the injury to the plaintiff aforesaid to her damage in the sum of $5,000. Well, did the acts of negligence, as charged against the defendants in this case, did they concur together and contribute together as the direct and proximate cause of the injury to the plaintiff? I don't know whether they did or not. You must answer that from this evidence. If they did so concur, if you conclude that they were negligent in any one of the particulars charged in this complaint, and those acts of negligence concurred and contributed together and produced the injury to the plaintiff, why they would both be liable to the plaintiff. That is about the law that covers the cause of action as made by the plaintiff as I see it.

"Now the answer of the defendant, in substance, states this, as a reason why the plaintiff ought not to recover in this case, this is the reason they give in sum and substance: They say, if the plaintiff received any injuries, as claimed in the complaint, the said injuries were caused by the negligence, carelessness, and recklessness of the plaintiff in attempting to cross the said ditch, which was properly guarded, when there was a safe way for her to go. Well, was there a safe way for her to go? You have heard the evidence in this case, and you must ascertain that from the evidence.

"I charge you as a matter of law that, if the town, in the

management and working of its streets and sidewalks, has two ways by which travelers may go, and one of them is a safe way and the other is a dangerous way, and the traveler knows it, and he undertakes to go the dangerous way and is hurt or injured, that is the traveler's fault. He takes the risk on himself and he can't recover. Now, that is a question of fact for you to answer. Was there a safe and a dangerous way for the plaintiff to have traveled the streets and sidewalk on this occasion? You have got to answer that question from the evidence, and then you go a step further and ascertain whether she knew that or not.

"If there be two ways, one safe and the other a dangerous way, that the plaintiff could have gone, and she knew that, she knew that there was a dangerous way and a safe way, the law says she must go the safe way, and, if she undertakes to go the dangerous way and gets hurt or injured, she takes the risk on herself and she can't recover. Whether there were two ways or not, I don't know, and if there were two ways, I don't know whether she knew it or not. Those are questions of fact for you to answer from this evidence.

"I charge you further that, if there be a dangerous place in a sidewalk or a street in a town, and a person who has the right to travel that sidewalk or street knows it, sees it, and has mental capacity enough to know that it is dangerous and to appreciate the danger—that is, sense enough to know that it is dangerous—with full knowledge of all the facts, and that person undertakes to go into it, and gets injured, why she takes the risk on herself, and she can't recover if she is injured.

"All these town ordinances that have been set up here as a ground for recovery in this case simply lay down the proposition that the town council must do certain things set forth in these ordinances for the purpose of warning people of danger in case there is a dangerous place in the street, but, if a person already knows there is a dangerous place there, the warning don't do any good. The warning is to notify

them, but if a person already knows the place is dangerous, sees it, it is obvious, and the person has sense enough, mental capacity enough to know it is dangerous and appreciate the danger and they undertake to walk into it and do so and get injured, they couldn't recover. Just like the law requires a railroad locomotive to have a bell or whistle on it and under certain circumstances the law requires them to blow that whistle or to ring the bell, to let the people know 'I am coming,' but if you know it is coming without its doing that, it doesn't do you any good for it to ring the bell or blow the whistle. You already know it. That is what they do it for is to let you know it. And so if there is a dangerous place in the street or on the sidewalk, and a person traveling along there knows it and can see it, there is no use to put up all these protections there to give them notice and warning, because they have already got it if they are looking at it and see it and know it is there and see it, and, if they walk right into it, they can't recover if they are injured. But if they don't know it, if it is not obvious to them, and they assume that the street is in reasonably safe condition, as they have a right to assume, and they go into it without knowing the danger, why the town would be liable. That is about the law, as I see it, which covers the whole case.

"This answer also says that, if either of the defendants was negligent, which fact this defendant denies as to itself, the plaintiff, Lula Huggin, was also negligent and careless in the manner above set forth, and the said alleged injuries were caused by the combining and concurring negligence of the said plaintiff and these defendants and the plaintiff's negligence and recklessness contributed thereto as the proximate cause thereof. That sets up what in law is known as contributory negligence; that is to say, that the plaintiff on this occasion was guilty of negligence herself and her negligence contributed as the direct and proximate cause to her own injury together with the negligence of the defendants. In other words, that means that both parties were negligent,

that the two defendants and the plaintiff also were negligent, and that the negligence of the plaintiff contributed as a direct and proximate cause with the negligence of the two defendants and caused her injury. If that be so, she couldn't recover. The law says: 'All of you being at fault we will just leave you right where we find you. We will have nothing to do with you. We will give you no redress at all, just hands off.'

"Now, in the statute under which this case is brought, there is a provision therein which reads like this: 'The said corporation shall not be liable unless such defect was occasioned by its neglect or mismanagement.' So you see you have to ascertain from the evidence in this case whether the municipal corporation was negligent and whether or not that negligence and mismanagement on their part was the direct and proximate cause of the injury. Then there is another provision which says: 'And provided that such person has not in any way brought about such injury or damage by his or her own negligent act or his or her negligence contributed thereto.' Now, the plaintiff must prove that she did not in any way bring about her own injury on account of her negligent act or negligently contributing thereto. She has to prove that and prove it by the greater weight of the evidence, the plaintiff has; that is to say, if she in any way brought about her injury on account of her negligence or contributed thereto on account of her negligence, why she couldn't recover; otherwise she could. That same law applies to the answer of the defendant Cagle, the same law I have been charging you on behalf of the defendant town applies to Cagle also. That is about the law as I see it which covers the case.

"If you conclude the plaintiff entitled to recover in this case, she would be entitled to recover for all the pain and suffering that she has undergone and sustained and that which it is reasonably certain she will undergo and sustain in the future, due to the acts of the defendants, caused by

the acts of the defendants as charged in the complaint. In addition to that, she would be entitled to recover for any impairment of her ability to perform her usual duties and work, if any, due to the negligence of the defendants as charged in this complaint. She would be entitled to recover for any loss of time that she may have sustained by reason of the negligent acts of the defendants charged in the complaint. She would be entitled to recover for any medical bills that she paid or that she is obligated to pay; such medical services being rendered on account of the injuries she sustained by reason of the acts charged in this complaint against the defendants. Those are the elements you will take into consideration in passing on the actual damages, and those are the only kind of damages she can recover in this case. So, if you conclude that the plaintiff is entitled to recover, say, 'We find for the plaintiff so many dollars,' writing it out in words and not in figures, and sign your name under it, Mr. Foreman, as foreman. If you conclude the plaintiff is not entitled to recover anything, say, 'We find for the defendants,' and sign your name under that.

"I have some requests to charge here that I almost over-looked. I have been requested to charge you on behalf of the defendants:

" '(1) I charge you that it is incumbent on plaintiff to prove by the greater weight or preponderance of the testimony the material allegations of the complaint.' I charge you that.

" '(2) I charge you that plaintiff must prove by the greater weight of the testimony that she did not in any way bring about such injury by her own negligent act or did not negligently contribute thereto.' I charge you that, I have already done so.

" '(3) I charge you that the town of Gaffney is not liable unless plaintiff prove by the greater weight or preponder-ance of the testimony that there was a defect in the street, and that such defect was occasioned by its neglect or mis-

management.' I charge you that in connection with what I have already charged you in regard to those town ordinances that are set up here in the complaint, alleged in the complaint.

" '(4) I charge you that, when a person walking along a street has two ways to go, and it is obvious that one of these ways is unsafe, and chooses to go the unsafe way, he is guilty of negligence.' Instead of charging you that he is guilty of negligence, I charge you that he cannot recover.

" '(5) I charge you that, in passing on the question of negligence or contributory negligence, the question for you to consider is what a reasonably prudent person under the existing circumstances would do or would have done.' I charge you that. I charge you this too: The plaintiff in this case must prove her case by the greater weight or preponderance of the evidence; that is to say, the evidence in support of the plaintiff's cause of action must be heavier, outweigh, go down, and preponderate over that testimony that is opposed to her cause of action. If that be so, the plaintiff would be entitled to recover. If that is not so, the plaintiff would not be entitled to recover. In connection with this fourth request to charge, which reads as follows: 'I charge you that, when a person walking along a street has two ways to go, and it is obvious that one of these ways is unsafe, and chooses to go the unsafe way, he is guilty, * * *' that he cannot recover. I charge you just as I have read it, but, in order to do that, you must be satisfied that the person knew that there were two ways to go, one a safe way and one a dangerous way. If a person knows that there are two ways to go, one a safe and the other a dangerous way, and he choose to go the dangerous way and is injured, he takes the risk upon himself and can't recover. Retire, gentlemen, and find your verdict.

"Mr. Dobson: Your Honor, please, I don't believe you charged the jury on the question as to whether they can find a verdict against both defendants or one or either or both.

I believe it would be proper for the jury to understand that point.

"The Court: I thought at one time that the jury could find a verdict against one and not the other, but I believe under the terms of this complaint and under the town ordinances that it would have to be a verdict against both. It would be a verdict against both or against neither. Retire, gentlemen, and find your verdict.

"Mr. Hall: Your Honor, please, so far as Cagle is concerned, the burden of proof of contributory negligence is on the defendant Cagle.

"The Court: Yes, sir.

"Mr. Hall: There is an expression in that statute, your Honor, which I think is likely to confuse the jury. It says the jury must be sure that the plaintiff was not guilty of contributory negligence or did not in any way contribute thereto. That implies that, if the plaintiff did anything at all that contributed to the injury, the plaintiff himself would be liable, notwithstanding the lawfulness of the act or its relation to the act, but that means some culpable act, some negligence or some omission.

"The Court: I think I have covered that. I will let it stand like I have covered it."

### EXCEPTIONS ON APPEAL

It is respectfully submitted that his Honor, the presiding Judge, erred in his instructions to the jury, and in his refusal to grant a new trial, on the following grounds:

(1) In charging the jury with respect to the duty of the defendants to have the excavation guarded by having red lights displayed, the Court charged: "Well, I don't know whether they had red lights or not, but, if it was necessary for him to have red lights there in order to absolve himself from the charge of negligence, it was his duty to have them there. Whether that was necessary or not, I don't know. You will have to answer that from this evidence"—the error being that by the ordinance of the town of Gaffney, the

positive duty, under penalty, was placed on the defendant,
T. J. Cagle, to have the red lights. It was a legal necessity,
and the Court was in error in leaving it to the jury to say
whether it was necessary for the defendant to obey the
positive mandate of the law, and, furthermore, the failure
to comply with the law was negligence *per se.*

(2) In leaving it to the jury to say whether it was neces-
sary for the defendant Cagle to provide a substantial walk-
way 24 inches wide across the excavation, so as to provide
safe passage for the plaintiff, and others using the sidewalk;
the error being that the ordinance of the town of Gaffney
positively required the construction of such walkway, and
the failure of Cagle to provide the same was negligence *per
se.*

(3) In charging the jury that, if the town in the manage-
ment of its streets and sidewalks has two ways by which
travelers may go, and one of them is a safe way, and the
other is a dangerous way, and the traveler knows it, and he
undertakes to go the dangerous way, and is hurt or injured,
that is the traveler's fault; that he takes the risk on himself,
and he cannot recover. This instruction embraces several
errors:

(a) It is a charge on the facts in violation of the consti-
tutional inhibition, as it states to the jury what act consti-
tutes negligence or contributory negligence on the part of
a traveler, which will prevent his recovery against one who
negligently makes the place unsafe.

(b) It is not a correct statement of the law, in that it is
neither negligence nor contributory negligence as a matter
of law, where a person goes into a dangerous place, where
there is a safe place provided, or goes an unsafe way where
there is a safe way, for the reason that the test is, whether
a person of ordinary care and prudence would have done
so, because, further, even where there are two ways, one
safe and the other unsafe, yet, if the unsafe way is created
by another at a place where the traveler has a right to go,

it resolves itself into the question as to whether the person in going the unsafe way acted with reasonable care and prudence, and took reasonable care to avoid injury to himself.

(c) Because assumption of risks apply only in the relationship of master and servant, where the servant assumes, not only the risks incident to his employment, but also assumes the risks of dangers which are obvious or known to and appreciated by him; all of which arise out of contract; whereas, in the case at bar, the plaintiff's right to recover could be defeated only by proof that her injury was the result of her own negligence or contributory negligence, and the Court could not tell the jury what acts on the part of the plaintiff constitute either negligence or contributory negligence.

(4) In charging the jury as follows: "And so, if there is a dangerous place in the street or sidewalk, and a person traveling along there knows it and can see it, there is no use to put up all these protections there to give them notice and warning, because they have already got it if they are looking at it and see it, and know it is there and see it, and, if they walk right into it, they can't recover if they are injured." The errors are twofold:

(a) It is a statement of what facts or acts will prevent a recovery; that is, what acts constitute negligence or contributory negligence.

(b) It instructs the jury in effect that the defendants could disregard and violate the provisions of the law of the town which requires these safeguards to be provided, and leaves it to the jury to find that the defendants were at liberty to substitute any kind of warning in the place of the statutory requirements of the town of Gaffney and get away with it.

(c) The instruction disregards the rule that, even though a person knows of a dangerous place where he has a right to go, he is not guilty of negligence or contributory negligence in going that way, unless a person of ordinary care

and prudence would not have gone there, or unless he failed to take ordinary care for his own protection while undertaking to go the dangerous way.

(5) In charging the jury that the burden of proof was on the plaintiff to show that her injury was not caused by her own negligence or contributory negligence, and that the same law applied to Cagle as well as to the town; the error being that only as to the cause of action against the town was the plaintiff bound to prove the absence of contributory negligence, and because as to Cagle, the burden of proof was on him to prove the contributory negligence oftheplaintiff.

(6) In charging the defendant's second request to the effect that the burden of proof was on the plaintiff to disprove contributory negligence, and the instruction applies to the advantage of both defendants.

(7) In charging the defendant's fourth request, as follows: 'I charge you that, when a person walking along a street has two ways to go, and it is obvious that one of these ways is unsafe and chooses to go the unsafe way, he is guilty of negligence"; and saying by way of modification, "Instead of charging you that he is guilty of negligence, I charge you that he cannot recover." The errors are:

(a) A charge on the facts, as stating what acts constitute negligence.

(b) Because a person is not negligent as a matter of law because he chooses the unsafe way, unless a person of ordinary care and prudence would not have done so; and even then a person may choose an unsafe way if the peril has been created by another in a place where such person has a right to go, and such traveler will not be precluded of recovery unless, while pursuing such unsafe way, he fails to use ordinary care to prevent injury to himself.

(c) The modification does not cure the error, as it is but another way of saying that the traveler is guilty of negligence or contributory negligence in choosing the unsafe way as a matter of law.

(8) For the reasons stated in the foregoing exception, the instruction given in the fifth request in the paragraph numbered 8 on the margin of the transcript.

(9) In charging the jury that the verdict would have to be against both of the defendants or against neither; the error being that, having been joined as joint tort-feasors, the plaintiff would be entitled to a verdict against both or either of the defendants, as the jury resolved the evidence.

(10) In not charging, as requested by plaintiff's counsel, that, so far as Cagle is concerned, the burden of proof of contributory negligence is on the defendant Cagle; the error being that only as to the town of Gaffney did the burden rest upon the plaintiff to negative contributory negligence.

*Messrs. Butler & Hall,* for appellant, cite: *Failure to provide safety devices required by city ordinance is negligence per se:* 83 S. C., 354; 62 S. C., 325. *Negligence question of fact for jury:* 94 S. C., 324; 92 S. C., 490; 91 S. C., 201; 91 S. C., 175; 76 S. C., 49. *When necessary to prove lack of contributory negligence:* Civ. Code 1922, Sec. 4478. *Joint tort-feasors liable jointly and severally:* 94 S. C., 189. *Liability of master dependent on negligence of servant:* 113 S. C., 522.

*Messrs. Dobson & Vassy,* for respondent, town of Gaffney, cite: *Municipal defendant herein entitled to directed verdict:* 89 S. C., 520. *Unlawful act to be negligence per se must be cause of injury:* 128 S. C., 363. *Appellate Court cannot say charge is prejudicial without the testimony before it:* 107 S. C., 130; 110 S. C., 266; 66 S. C., 250; 65 S. C., 324; 55 S. C., 249; 53 S. C., 125; 51 S. C., 505. *No reversal for harmless error:* 108 S. C., 400; 64 S. C., 112; 44 S. C., 548; 20 S. C., 376. *When error harmless:* 96 S. C., 339. *Verdict for defendants conclusive as to facts alleged by them:* 111 S. C., 553.

*Mr. J. B. Bell,* for respondent, T. J. Cagle.

March 11, 1926.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The reporter will incorporate in the report of this case the preliminary statement in the case, the complaint, the answer, the Judge's charge, and the exceptions.

All of the exceptions, except the eighth, are sustained, for the reasons stated therein.

The eighth exception is manifestly incomplete, and has not been considered.

With reference particularly to the fifth, sixth and tenth exceptions: The cases of *Walker v. Chester County,* 18 S. E., 936; 40 S. C., 342, and *McLees v. City of Anderson,* 64 S. E., 750; 82 S. C., 565, are clear to the point that, in an action against a municipality under the statute, it is incumbent upon the plaintiff to allege and prove, not only that the defendant was negligent, but also that he was free from contributory negligence. This obligation, however, does not rest upon the plaintiff so far as an individual defendant is concerned. There was error therefore in not charging the jury as requested by the plaintiff in this particular.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE and STABLER concur.