16355

BRAUDIE v. RICHLAND COUNTY
(59 S. E. (2d) 548)

*Mr. Frank A. Graham, Jr.,* of Columbia, *for Appellant,*

*Messrs. Baker & Baker* and *F. Ehrlich Thomson,* of Columbia, *for Respondent,*

May 9, 1950.

FISHBURNE, Justice.

This action was brought for the recovery of damages for personal injuries alleged to have been suffered by the plaintiff on or about December 4, 1948, because of a defect in or negligent repair of a highway maintained and operated by Richland County, the defendant. The action was brought under Section 5856 of the Code, which imposes a liability upon counties for injuries sustained by reason of a defect in or a negligent repair of a highway, as amended by Act No. 181 of the 1947 Acts and Joint Resolutions of the General Assembly, 45 St. at Large, Page 249, approved May 8, 1947. The issue arising on appeal relates to the Amendment, which reads as follows: "Provided, further, as a prerequisite to recovery of damages under this section, a verified claim therefor, setting forth the date and place the injury or damage occurred and the amount of the damage sustained,

shall be filed with the county supervisor, or other governing body, of the county or counties against which, such claim is made, within one hundred eighty (180) days after the alleged injury or damage; and suit, if any, shall be commenced by service of summons and complaint within twelve (12) months from the date of such alleged injury or damage."

Richland County demurred to the complaint upon the ground that it does not set forth facts sufficient to constitute a cause of action, in that it fails to allege that the plaintiff filed a verified claim as required by the amendment quoted above, the filing of such claim within the prescribed time, being a prerequisite to the recovery of damages against a county.

When the demurrer came on to be heard, this issue was fully argued before the circuit judge, and resulted in an order sustaining the demurrer upon the ground that the omission of such allegation was fatal to the cause of action. *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625; *Ancrum v. State Highway Department,* 162 S. C. 504, 161 S. E. 98; *Hugin v. Town of Gaffney,* 134 S. C. 114, 132 S. E. 163; *Muckenfuss v. Atlanta & C. A. L. R. Co.,* 121 S. C. 110, 113 S. E. 367; *Walker v. Chester Co.,* 40 S. C. 342, 18 S. E. 936.

This appeal by the defendant, however, questions only so much of the circuit judge's order as allowed "the plaintiff to amend her complaint as she may be advised." It is argued that the permission to amend was arbitrary, and constituted an abuse of discretion because there is no showing in the record that the fatal omission can be obviated.

It is the general rule that amendments to pleadings are favored and should be liberally allowed in furtherance of justice, in order that every case may so far as possible be determined on its real facts, unless there are circumstances such as inexcusable delay, or the taking of the adverse party by surprise, or the like, which might jus-

tify a refusal to amend. This liberal policy of permitting amendments in furtherance of justice is no different merely because a demurrer for failure to state a cause of action has been sustained. *Page v. North Carolina Mutual Life Ins. Co.,* 207 S. C. 277, 35 S. E. (2d) 716; *Barr v. Witsell,* 173 S. C. 199, 175 S. E. 436; *Norris v. Brown,* 154 S. C. 138, 151 S. E. 274; *Privett v. Wilmington, C. & C. R. Co.,* 54 S. C. 98, 32 S. E. 75.

It was stated in *Page v. North Carolina Mut. Life Ins. Co., supra*: "Where a demurrer to a pleading is sustained, the trial court is vested with a sound discretion in respect to the determination of the question, whether it will allow the party to amend his pleading, and this discretion will not be disturbed unless erroneously exercised. Ordinarily, permission will be given to amend if the objection can be obviated. In such case, it is usual and entirely proper to sustain the demurrer with leave to amend. *Blackwell v. First Nat. Bank of Columbia,* 185 S. C. 427, 194 S. E. 339; *Norris v. Brown,* 154 S. C. 138, 151 S. E. 274." [207 S. C. 277, 35 S. E. 717.]

In the above cited case, this court reversed the order of the lower court for refusing to allow an amendment to an answer after sustaining plaintiff's motion for judgment on the pleadings. It was noted by the court that the record disclosed that the answer was amendable, and that the proposed amendment would remove the objections raised by the demurrer.

In the order from which this appeal is taken in the case at bar, it is merely stated that the demurrer is sustained with leave to amend, after hearing argument of counsel. Obviously, the circuit judge concluded that the complaint was amendable, but this cannot be definitely and finally known until an amended complaint is served. If upon the service of the amended complaint, the defendant conceives that the objection has not been removed, then it has the right to challenge the amended pleading as it may be advised.

In our opinion, it does not appear from the record that the discretion of the circuit judge has been erroneously exercised, nor has the appellant shown affirmatively that it has been prejudiced by the ruling.

Finally, the appellant raises the issue—"Where a complaint does not state a cause of action and the statute of limitations having run, does the trial judge have the authority to allow the respondent to amend the complaint by alleging the filing of a verified claim, and thus state a cause of action?"

It clearly appears that the statute of limitations had not run so as to bar the plaintiff's cause of action at the time the amendment was allowed. The injury was alleged to have occurred on December 4, 1948, and the order allowing the amendment was filed on November 29, 1949. So that twelve months, which is the time fixed by the statute, had not elapsed between the alleged date of the injury and the order allowing the amendment.

It may be conceded that the period of 180 days for the filing of a verified claim with the Richland County authorities had expired when the order allowing the amendment was filed. The order, however, does not undertake to enlarge the time or authorize the filing of such claim after the expiration of 180 days from the occurrence of the alleged injury. Under the order, the plaintiff would have a right to serve an amended complaint setting forth compliance with the 1947 Amendment, to the effect that such verified claim was filed with the proper authorities within the period allowed by the amendment; assuming, of course, that the facts would support such an allegation.

The case is remanded, with leave to the plaintiff to serve an amended complaint upon the defendant, if she be so advised, within twenty days from the filing of the remittitur.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.